IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

        Plaintiffs,

   -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DILORIO, in her official
capacity as Executive Director of
CORTLAND HOUSING AUTHORITY,

        Defendants.
-------------------------------------------------------X

Case No.   5:23-cv-1540 (GTS/ML)

**DECLARATION OF EDWARD ANDREW PALTZIK IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Edward Andrew Paltzik, an attorney duly authorized to practice in the United States District Court for the Northern District of New York, hereby declare under penalty of perjury as follows:

1. I am a member of Bochner PLLC, counsel of record for Plaintiffs Robert Hunter, Elmer Irwin, Doug Merrin (Hunter, Irwin, and Merrin collectively referred to as the "Individual Plaintiffs"), and the Second Amendment Foundation in the above-captioned action.

2. I respectfully submit this Declaration in Support of Plaintiffs' Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction enjoining enforcement of Defendants' categorical firearms ban at their public housing properties.

3. A true and correct copy of the Complaint filed in the above-captioned action on December 7, 2023 is attached hereto as **Exhibit A**.

4.	A true and correct copy of the standard Residential Lease Agreement ("RLA") used by Defendant Cortland Housing Authority ("CHA") is attached hereto as **Exhibit B**.

5.	This is an application for emergency, expedited injunctive relief to address an ongoing, clear-cut violation of Plaintiffs' fundamental rights under the United States Constitution, which, under Supreme Court and Second Circuit authority, constitutes *per se* irreparable harm. Accordingly, an ordinary motion briefing schedule will not suffice.

6.	The Complaint and Plaintiffs' Memorandum of Law in Support of the Order to Show Cause detail an egregious and flagrant violation of Plaintiffs' fundamental right to keep and bear arms in their homes under the Second Amendment to the United States Constitution. Defendants ***categorically ban*** the possession of firearms (and other weapons) on CHA premises (the "Firearms Ban" or the "Ban"), at which CHA's public housing tenants—including the Individual Plaintiffs—reside and make their homes.

7.	Defendant CHA is a municipal housing authority existing under the laws of the State of New York, created by N.Y. Pub. Hous. Law § 447, which provides, in pertinent part: "A municipal housing authority, to be known as the Cortland Housing Authority, is hereby created and established for the city of Cortland in the county of Cortland . . . . It shall have all the powers and duties now or hereafter conferred by this chapter upon municipal housing authorities." Defendants' Firearms Ban has absolutely no basis under any federal or state statutes, rules, or regulations; and more importantly, has no constitutional basis. The Ban is simply the result of Defendants' ideological policy preferences.

8.	As a condition of receiving the benefit of CHA public housing, all CHA tenants, including the Individual Plaintiffs, were required to enter into a RLA, and did in fact enter into a RLA. (**Ex. B**).

9. As a condition of continuing to receive the benefit of CHA public housing, continuing to have a home, not being subjected to lease termination, and not being evicted, all CHA tenants, including the Individual Plaintiffs, must abide by the Firearms Ban, which is set forth in "Tenant's Obligations" in Article IX of their RLAs. (**Ex. B**). Article IX, section (p), the Firearms Ban, and provides that the "**Tenant shall be obligated: (p) Not to <u>display, use, or possess</u> or allow members of Tenant's household or guest to display, use or possess <u>any firearms (operable or inoperable) or other weapons</u> as defined by the laws and courts of the State of New York anywhere on the property of CHA**." (Emphasis added).

10. The Firearms Ban is so blatantly unconstitutional, and its ongoing enforcement so utterly contrary to the Supreme Court's Second Amendment jurisprudence in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), that the need for immediate injunctive relief is unusually urgent.

11. Here, Plaintiffs have without question already been irreparably harmed, and will continue to be irreparably harmed, every day that Defendants are permitted to continue enforcing the Firearms Ban, since the existence of a constitutional violation constitutes irreparable harm without any further evidentiary showing. There is no question that the Individual Plaintiffs entered into CHA RLAs, that they make their homes at the Galatia Apartments at 37 Galatia Street, Marathon, NY (which are CHA properties), and that the Firearms Ban provision of the RLA categorically deprives them of their fundamental Second Amendment right to keep and bear arms in their homes. Accordingly, irreparable harm is established.

12. Indeed, in this Circuit, "it is well-settled that an alleged constitutional violation constitutes irreparable harm." *Basank v. Decker*, 449. F.Supp. 3d 205, 213 (citing *Connecticut*

3

*Dep't of Envtl. Prot. v. O.S.H.A.*, 356 F.3d 226, 231 (2d Cir. 2004) ("[W]e have held that the alleged violation of a constitutional right triggers a finding of irreparable injury.")); *see also Statharos v. New York City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary."); *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (clarifying that "it is the alleged violation of a constitutional right that triggers a finding of irreparable harm" and a substantial likelihood of success on the merits of a constitutional violation is not necessary); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury."); *Basank*, 449 F.Supp. 3d at 210 ("Petitioners have shown irreparable injury by establishing the risk of harm to their health and to their constitutional rights."); *Sajous v. Decker*, No. 18 Civ. 2447, 2018 WL 2357266, at *6 (S.D.N.Y. May 23, 2018) (finding that immigration detainee established irreparable injury by alleging that prolonged immigration detention violated his constitutional due process rights).

13. The continuation of the irreparable harm is inevitable absent Court intervention, as evidenced by Defendants' appalling and explicitly-stated open disregard for the law in email correspondence with Plaintiff Hunter. On April 10, 2023, Hunter sent an email to CHA complaining about the Firearms Ban, writing:

> First up tenants are allowed to have firearms in their private dwelking [sic], as long as the [sic] are law abiding citizens. At the time of writing this and prior to writing this, what your lease states is unconstitutional. If it isn't removed, I will have no other choice but to take legal action against the housing authority. I've spoke too [sic] and am ready to move forward with a lawsuit if the policy is not changed. I also research HUDs position, federal and state laws, I can't find one that allows for a firearm ban, making your firearm covenant unconstitutional and discriminatory against poor people. N DOE V East St Louis Housing authority court decision decided it was an unconstitutional provision in the lease, no different than the lease you made every tenant here sign. The lease you had me and every other tenant sign was from 2008, and not the updated guidelines of 2020, which believe it or not say nothing about firearms. This is a strict violation of the constitution and it has been

4

proven in courts over and over and I am not sure why Cortland housing authority funds [sic] it ok to ignite the constitution, or discriminate based upon a person being poor.

I will also file a full grievance regarding the issue, I will also be looking at litigation as ignorance of law is not a defense. The ignorance of the housing authority is discrimination, blatant discrimination.

14. On May 1, 2023, CHA's attorney emailed Hunter's attorney and advised regarding the Firearms Ban: "*Unconstitutional lease provision regarding firearms. We will not be changing our stated position or lease provision on this matter.*" (Emphasis added).

15. CHA's refusal to discard the Firearms Ban confirms that CHA's leadership believes CHA is above the law, doesn't need to conform the RLA to the crystal-clear holdings by the Supreme Court in *Heller*, *McDonald*, and *Bruen*, and that CHA has open contempt for the Second Amendment. This arrogance, defiance, and contempt further evidences the existence of irreparable harm, and can only be remedied by this Court's immediate intervention.

16. As a direct and proximate consequence of their residence in a facility overseen by CHA, the fundamental rights of at least Hunter, Merrin, and Irwin are being brazenly infringed.

17. The submission of a standard motion with advanced notice, 21 days for an opposition, and 7 days for a reply is insufficient here, since a vastly overbroad restriction of a fundamental right is currently being suffered by at least Merrin, Hunter, and Irwin, and by other CHA residents.

18. Moreover, Defendants will suffer no prejudice as a result of waiver of the advance notice requirement. Defendants were informed of their violation of Plaintiffs' rights by Hunter in writing on April 10, 2023, and explicitly declined to reconsider their position. Defendants have already demonstrated their unwillingness to compromise their unconstitutional practices, and have reinforced the need for emergency injunctive relief by this Court. In addition, Plaintiffs are

*providing notice to Defendants today, December 7, contemporaneous with the filing of this action, via email and phone.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 7, 2023
                         New York, NY

<u>*s/* Edward Andrew Paltzik</u>
Edward Andrew Paltzik