IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,                    Case No.
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

        Plaintiffs,

   -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DILORIO, in her official
capacity as Executive Director of
CORTLAND HOUSING AUTHORITY,

        Defendants.
---------------------------------------------------------X

**DECLARATION OF ADAM KRAUT IN SUPPORT OF
PLAINTIFFS' ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

I, Adam Kraut, of full age, hereby declare under penalty of perjury as follows:

    1.    I am the Executive Director of The Second Amendment Foundation ("SAF"), the fourth-named Plaintiff in the above-captioned action. I am also an attorney.

    2.    I respectfully submit this Declaration in Support of Plaintiffs' Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction enjoining enforcement of Defendants' categorical firearms ban at their public housing properties (the "Firearms Ban").

    3.    SAF is a 501(c)(3) nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

1

4. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the constitutional right to keep and bear arms, to possess firearms and firearms ammunition, and the consequences of gun control.

5. SAF has over 720,000 members and supporters nationwide, including thousands of members in New York. Among these SAF members are Plaintiffs Robert Hunter, Elmer Irwin, and Doug Merrin (the "Individual Plaintiffs").

6. Many of our members are lawful owners of firearms. However, the Individual Plaintiffs, who would own firearms but for the Firearms Ban, are unable to exercise this right due to the unconstitutional actions of Defendants.

**7.** Defendant Cortland Housing Authority ("CHA"), a New York State public housing authority led by Defendant Ella M. Dilorio that receives federal funding, *categorically bans* the possession of firearms (and other weapons) on CHA premises, at which CHA's public housing tenants reside (the Ban), in flagrant violation of the tenants' fundamental right to keep and bear arms in their homes under the Second Amendment to the United States Constitution,

8. As a condition of receiving the benefit of CHA public housing, all CHA tenants, including the Individual Plaintiffs, were required to enter into a standard Residential Lease Agreement ("RLA") and did in fact enter into a RLA.

9. As a condition of continuing to receive the benefit of CHA public housing, continuing to have a home, not being subjected to lease termination, and not being evicted, all CHA tenants, including the Individual Plaintiffs, must abide by the Firearms Ban, which is set forth in "Tenant's Obligations" in Article IX of their RLAs. Article IX, section (p), the Firearms Ban, and provides that the "**Tenant shall be obligated: (p) Not to display, use, or possess or**

**allow members of Tenant's household or guest to display, use or possess <u>any</u> <u>firearms (operable or inoperable) or other weapons</u> as defined by the laws and courts of the State of New York anywhere on the property of CHA**." (Emphasis added).

10. Each day that the Individual Plaintiffs are forced to live under the Firearms Ban is another day that their fundamental right to keep and bear arms is openly violated by CHA, resulting in irreparable harm.

11. I should also note that SAF participated as a plaintiff in a virtually identical case in the United States District Court for the Southern District of Illinois, captioned *N. DOE, filing anonymously, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION*, Plaintiffs, *v. EAST ST. LOUIS HOUSING AUTHORITY* ("ESLHA") *and MILDRED A. MOTLEY, in her official capacity as Executive Director of the East St. Louis Housing Authority*, Defendants, No. 3:18-cv-545, commenced on March 7, 2018.

12. In *N. DOE*, the ESLHA, just like CHA, imposed a firearms ban on its public housing tenants through the lease agreement. The ban provided, *inter alia*, that tenants were not permitted to "display, use, or possess or allow members of [DOE's] household or guests to display, use, or possess any firearms, (operable or inoperable) . . . anywhere in the unit or elsewhere on the property of the Authority."

13. On April 3, 2019, the parties in *N. DOE* entered into a "Stipulation to Entry of Final Judgment and Permanent Injunction," whereby the parties stipulated "that the Court shall issue an Order . . . enjoining Defendants . . . from enforcing" the sections of the East St. Louis Housing lease agreement that banned firearms for "residents who are permitted under Illinois law to possess a firearm, to possess functional firearms that are legal in their jurisdiction for self- defense and defense of others in their residences, provided they are otherwise-qualified to

3

do so." That same day, the parties filed an "Agreed Motion for Entry of Final Judgment and Permanent Injunction" requesting that the Court enter final judgment and a permanent injunction in accordance with the Stipulation.

14. On April 11, 2019, the Court entered an "Order of Final Judgment and Permanent Injunction" permanently enjoining enforcement of the offending lease provisions, and required the defendants to "take the necessary steps to strike or amend the challenged sections of the ESLHA Lease, such that the ESLHA will no longer prohibit Plaintiffs, and other ESLHA residents who are otherwise qualified under Illinois law to possess firearms, to possess functional firearms, that are legal in their jurisdiction, in their residences."

15. The Second Amendment requires the same result in this action as in *N. DOE*.

16. Defendants' violation of the Constitution is egregious and clear-cut. Wholesale firearms bans, particularly in the home, do not comport with the Second Amendment, *full stop*. There is no legally valid excuse or justification for the Firearms Ban. Accordingly, Plaintiffs' Order to Show Cause for A Temporary Restraining Order and Preliminary Injunction should be granted and Plaintiffs should be awarded the following relief: (i) a temporary restraining order and a preliminary injunction enjoining enforcement of the Firearms Ban; and (ii) Plaintiffs' attorneys' fees and costs associated with this motion for injunctive relief, and the underlying Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 7, 2023
               West Chester, PA

_____
Adam Kraut
on behalf of SAF