IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

        Plaintiffs,

   -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DIIORIO, personally
and in her official capacity as Executive
Director of CORTLAND HOUSING
AUTHORITY,

        Defendants.
---------------------------------------------------------X

Case No. 5:23-cv-01540-GTS-ML

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF THE SECOND
AMENDMENT FOUNDATION FOR LACK OF STANDING**

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................... 1

II.  LEGAL STANDARD ........................................................................................................ 1

III. ARGUMENT ..................................................................................................................... 2

    A.   SAF's Members Have Standing................................................................................ 3

    B.   SAF's Interest is Germane to its Purpose................................................................. 3

    C.   The Relief Does Not Require Individual Participation ................................................. 4

IV.  CONCLUSION.................................................................................................................. 5

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Antonyuk v. Chiumento*,
  89 F.4th 271 (2d. Cir. 2023) .................................................................................................. 2, 3

*Bano v. Union Carbide Corp.*,
  361 F.3d 696 (2d Cir. 2004) ...................................................................................................... 4

*Baur v. Veneman*,
  352 F.3d 625 (2d Cir. 2003) ................................................................................................... 1, 2

*Bldg. & Const. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc.*,
  448 F.3d 138 (2d Cir. 2006) ...................................................................................................... 4

*Carter v. HealthPort Techs., LLC*,
  822 F.3d 47 (2d Cir. 2016) ........................................................................................................ 1

*Havens Realty Corp. v. Coleman*,
  455 U.S. 363 (1982) .................................................................................................................. 2

*Hunt v. Washington Apple Advertising Comm'n*,
  432 U.S. 333 (1977) ............................................................................................................... 2, 4

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ...................................................................................................... 1

*NYCLU v. New York City Transit Auth.*,
  684 F.3d 286 (2d Cir. 2012) ...................................................................................................... 2

## I. PRELIMINARY STATEMENT

Defendants have moved to dismiss Plaintiff The Second Amendment Foundation ("SAF") for lack of standing. Memorandum of Law in Support of Defendants' Motion to Dismiss [ECF 16-2] at 7-8 ("Mot." or "Motion").[1] The Motion is without merit.

The harm to SAF and its members, including Plaintiffs Robert Hunter, Elmer Irwin, and Doug Merrin (collectively, the "Individual Plaintiffs") alleged in the First Amended Complaint [ECF 20] ("FAC") clearly give SAF standing to bring this action.[2] Because SAF "alleges facts that affirmatively and plausibly suggest that [it] has standing to sue," *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up), it has met the "lenient" standard applied at the pleading stage. *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003). Accordingly, the Court should deny the Motion in its entirety.

## II. LEGAL STANDARD

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Carter*, 822 F.3d at 57. This standard is "lenient." *Baur*, 352 F.3d at 637. In resolving a motion to dismiss for lack of standing, a district court "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"[A]t the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury. . . . It bears emphasis that under federal pleading

---

[1] The majority of Defendants' memorandum is directed to opposing Plaintiffs' Emergency Motion for Temporary Restraining Order and Emergency Motion for Preliminary Injunction, which the Court granted. This Opposition will only respond to the portion of the Motion that supports Defendants' Motion to Dismiss Plaintiff Second Amendment Foundation for lack of standing.

[2] Although the Motion was directed to the original complaint [ECF 1], Defendants have indicated that they believe it applies to the FAC. *See* ECF 24.

1

rules, 'complaints need not be elaborate, and in this respect injury (and thus standing) is no different from any other matter that may be alleged generally.'" *Baur*, 352 F.3d at 631 (internal citation omitted).

An organization can plead standing in two ways: First, it "can have standing in its own right to seek judicial relief from injury to itself," *NYCLU v. New York City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012) (cleaned up), including an impairment of its ability to fulfill its mission, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). Second, "[i]t may sue on behalf of its members" (associational standing). *See NYCLU*, 684 F.3d at 294 (citations omitted). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

### III. ARGUMENT

SAF has associational standing. Defendants do not object to the standing of the Individual Plaintiffs to sue in their own right. *See generally* Motion. Instead, Defendants mischaracterize the Second Circuit's holding in *Antonyuk v. Chiumento,* which found associational standing lacking where it was *entirely predicated* on the standing of its members *and* the claims of the members had been rendered moot *such that they no longer had standing*. 89 F.4th 271, 344 (2d. Cir. 2023) ("[T]he organizational Plaintiffs' associational standing therefore collapses *alongside that of Hardaway and Boyd*.") (emphasis added). Each of the Individual Plaintiffs clearly have standing, as alleged in the FAC. Accordingly, SAF unquestionably has associational standing based in part on the standing of the Individual Plaintiffs.

2

### A. SAF's Members Have Standing

It is undisputed that the Individual Plaintiffs in this case have standing to sue Defendants for their brazen infringement of their Second Amendment rights. Defendants do not argue otherwise. Indeed, the Individual Plaintiffs have adequately alleged standing. "To establish Article III standing, a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Antonyuk v. Chiumento*, 89 F.4th at 307.

*First*, each of the Individual Plaintiffs has suffered an injury in fact at the hands of Defendants. *See* FAC ¶¶ 11-13 ("But for the Firearms Ban, [the Individual Plaintiffs] would own and possess firearms for self-defense and other lawful purposes in his home, including and especially handguns."). *Second*, the Individual Plaintiffs have adequately alleged that the injury is fairly traceable to Defendants. *See id.* ¶ 73 ("As a direct and proximate result of the above violation of Plaintiffs' rights protected under the Second and Fourteenth Amendments, the Individual Plaintiffs, SAF and its other members, and all other similarly situated individuals, have suffered an unlawful deprivation of their fundamental constitutional right to keep and bear arms, and they will continue to suffer such an injury until granted the relief sought herein"). *Third*, there is no doubt this Court could redress Defendants' violation of Individual Plaintiffs' Second Amendment rights via, *inter alia*, declaratory and injunctive relief. Therefore, the Individual Plaintiffs have properly alleged standing.

### B. SAF's Interest is Germane to its Purpose

It is also clear that this Second Amendment litigation is germane to the purpose of SAF. This case "would, if successful, reasonably tend to further the general interests that individual members sought to vindicate in joining the association and whether the lawsuit bears a reasonable

3

connection to the association's knowledge and experience." *Bldg. & Const. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 149 (2d Cir. 2006) (citation omitted).

By participating in this lawsuit as a plaintiff, SAF seeks to advance its interest in protecting the American public, and its members in particular, from wholesale firearms bans which violate the Second Amendment. *See* Declaration of Adam Kraut [ECF 7] ¶ 16. More specifically, SAF seeks to protect the interests of its members who are subject to unconstitutional restrictions of their right to keep and bear arms, including but not limited to the Individual Plaintiffs. *Id.* at ¶ 4. As pled in the FAC, SAF's mission is to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the constitutional right to keep and bear arms, to possess firearms and firearms ammunition, and the consequences of gun control. FAC ¶ 14. Thus, the relief sought is clearly germane to SAF's organizational purpose, and this prong strongly supports a finding of associational standing.

### C. The Relief Does Not Require Individual Participation

The final prong is a determination of whether "the claim asserted []or the relief requested requires the participation of individual members in the lawsuit." *Hunt,* 432 U.S. at 343. "[W]here the organization seeks a purely legal ruling without requesting that the federal court award individualized relief to its members, the *Hunt* test may be satisfied." *Bano v. Union Carbide Corp.,* 361 F.3d 696, 714 (2d Cir. 2004); *see also Hunt,* 432 U.S. at 344.

As pled, the relief requested in this litigation is, *inter alia*, injunctive, and if granted, would "enjoin[] Defendants from enforcing the Firearms Ban and requir[e] Defendants to strike the Firearms Ban from the CHA RLA." FAC at 23. If granted (as it was preliminarily, ECF 28), the

4

relief requested would require a policy change affecting all residents subject to Defendants' authority. Therefore, the relief sought supports a finding of associational standing.

## IV. CONCLUSION

Because it has adequately alleged standing, SAF respectfully requests that the Court deny the Motion in its entirety.

Dated: February 12, 2024
New York, NY

Respectfully Submitted,

**BOCHNER PLLC**

By: /s/ *Serge Krimnus*
Edward Andrew Paltzik, Esq.
Serge Krimnus, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(516) 526-0341
serge@bochner.law

*Attorneys for Plaintiffs*