**BOCHNER PLLC**

Serge Krimnus, Esq.
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685  e serge@bochner.law  w bochner.law

April 10, 2024

**VIA ECF**

Hon. Miroslav Lovric
Magistrate Judge
US District Court
Northern District of New York
15 Henry St.
Binghamton, NY 13901

      Re: *Hunter v. Cortland Housing Authority* **(5:2023-cv-01540)**
           <u>Discovery Dispute</u>

Dear Judge Lovric,

      This firm is counsel to Plaintiffs Robert Hunter ("Hunter"), Doug Merrin ("Merrin"), Elmer Irwin ("Irwin," and, collectively with Hunter and Merrin, the "Individual Plaintiffs"), and the Second Amendment Foundation ("SAF," and, collectively with the Individual Plaintiffs, "Plaintiffs"). We write regarding Defendants' baseless objections to Plaintiffs' Discovery Requests, as well as Defendants' spoliation of certain evidence.

**<u>Defendants' Objections to Producing Information Regarding Other Tenants</u>**

      Rather than providing substantive responses to Plaintiff's discovery requests, Defendants Cortland Housing Authority ("CHA") and Ella Diiorio ("Diiorio") (each a "Defendant" and, collectively, "Defendants") made several objections which are devoid of merit. Specifically, Diiorio objected to some of Plaintiff's discovery requests under N.Y. Pub. Housing Law § 159. CHA has objected to several discovery requests on the grounds that disclosure of certain information would violate N.Y. Pub. Housing Law § 159, and that the information sought is not relevant to this case. Defendants' objections are meritless.

      Defendants contend that Section 159 of New York's Public Housing Law prohibits disclosure of information related to other occupants of facilities owned and/or operated by CHA. While Section 159 prohibits the disclosure of "information acquired by an authority," to the general public, an exception exists that allows for disclosure in litigation. N.Y. PUB. HOUS. LAW § 159. Specifically, the statute dictates that information acquired by an authority **can** be disclosed when "the authority, division of housing and community renewal, municipality or successor in interest thereof **is a party** or complaining witness **to such action or proceeding**." *Id*. (emphases added). New York courts are in accord. *See, e.g.*, *People v. Jones*, 160 Misc. 2d 246, 249 (Crim. Ct. 1994) ("Public Housing Law § 159 specifically bars the public disclosure of confidential tenant information in any action or proceeding **unless the Housing Authority is a party**.") (emphasis added); *Matter of Guardianship of Bell*, 144 Misc. 2d 195, 196 (Sur. 1989) (granting motion to quash because "[h]ere, **the Housing Authority is not a party** nor a complaining witness in these guardianship proceedings") (emphasis added) (citing N.Y. PUB. HOUS. LAW § 159).



**Serge Krimnus, Esq.**
**BOCHNER PLLC**

1040 Avenue of the Americas, 15TH Floor, New York, NY 10018

o 646.971.0685 e serge@bochner.law w bochner.law

Contrary to Defendants' assertion that Plaintiffs' "reading of the statute is inconsistent with its purpose and other supporting opinions," (March 14, 2023 Letter response to Plaintiffs' Discovery Responses), there can be no doubt that this case is within the statutory exception to the prohibition on disclosure of certain information. Despite receiving Plaintiffs' discovery requests on February 14, 2024, CHA has provided no "supporting opinions," which are allegedly adverse to Plaintiffs' position on this issue. Since Section 159 "on its face, imposes no restriction on disclosure where, as here, the housing authority is a party," *Wilson v. New York City Hous. Auth.*, No. 96 Civ. 1765 (SHS) (HBP), 1996 WL 524337, at *2 (S.D.N.Y. Sept. 16, 1996), Defendants must withdraw their objection and produce responsive documents.

Defendants also argued that information regarding other tenants, such as background checks, is not relevant. Defendants are wrong. Plaintiffs have alleged that they need to keep firearms in their homes for self-defense purposes, and Defendants raised the credibility of at least one of the Individual Plaintiffs' allegations of criminal misconduct by other tenants in their Opposition to Plaintiffs' Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction. Declaration of Ella M. Diiorio, ECF No. 16-3 ¶ 17.

Since Defendants raised the issue of the truth of allegations of criminal conduct by other tenants made by Plaintiff Hunter, Plaintiffs are entitled to take discovery on the facts which may confirm or disprove those allegations. Defendants have thrust the issue of the Individual Plaintiffs' perception of safety in their own homes to the center of this dispute by raising it in its Opposition, (ECF 16 at 4). Plaintiffs must be, at a minimum, allowed to take discovery on facts related to this issue.

**Spoliation of Evidence**

At the Parties' meet and confer on April 20, 2024, Defendants' counsel indicated that information on prospective or actual tenants of CHA was received in electronic form by a background check vendor, reviewed by Defendants (specifically, Defendant Diiorio), and was deleted or otherwise destroyed shortly thereafter by Diiorio. This was affirmed in Diiorio's responses to Plaintiffs' Interrogatory No. 9. At least as early as the service of the initial complaint in this case, December 2023, Defendants' practice of deleting or destroying these records constitutes spoliation of evidence in violation of FED. R. CIV. P. 37.

Under FED. R. CIV. P. 37, this Court has authority to impose sanctions if it finds that a party has failed to preserve electronically stored information that should have been preserved in anticipation of litigation (or, in this case, during litigation). Courts in this District have held that to secure spoliation sanctions based on the destruction or delayed production of evidence, "a moving party must prove that: (1) the party having control over the evidence had an obligation to preserve or timely produce it; (2) the party that destroyed or failed to produce the evidence in a timely manner had a 'culpable state of mind'; and (3) the missing evidence is 'relevant' to the moving party's claim or defense 'such that a reasonable trier of fact could find that it would support that



**Serge Krimnus, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 646.971.0685  e serge@bochner.law  w bochner.law

claim or defense.'" *Sawyer v. Locy*, No. 919CV879, 2021 WL 4458822, at *1 (N.D.N.Y. Sept. 29, 2021) (citation omitted).

Here, *first*, as of at least January 3, 2024, the date on which Defendants injected the issue of other tenants criminal behavior into the case, ECF 16, Defendants have been aware of their obligation to preserve any information relating to other tenants' criminal backgrounds. *Second*, Defendants certainly knew of their own argument regarding other tenants' criminal backgrounds. *Third*, as discussed above, the information sought is relevant to the matter at bar. Accordingly, the Court should hold that Defendants committed spoliation in deleting (and continuing to delete) other tenants' criminal history information.

This Court should impose sanctions for Defendants' failure to preserve electronically stored information regarding its tenants relevant to this litigation.

**<u>Conclusion and Availability for Conference</u>**

The parties have conferred and are available for a conference with the Court at the following times:
- Monday April 22, 2024, 2:00 p.m.
- Thursday April 25, 2024, 2:00 p.m.
- Monday April 29, 2024, 2:00 p.m.

Plaintiffs respectfully request an Order (1) directing Defendants to cease deleting any information they obtain regarding other tenants; (2) with respect to any evidence regarding other tenants that has been deleted by Defendants, order Defendants to contact their third party background check vendor within seven (7) days and attempt to recover the deleted data, and to produce the recovered information to Plaintiff within seven (7) days of receipt of such data; and (3) award attorneys' fees incurred as a result of (a) Defendants' baseless objection to Plaintiffs' discovery requests, and (b) Defendants' spoliation of evidence.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

/s/ Serge Krimnus
Edward Andrew Paltzik
Serge Krimnus
*Counsel for Plaintiffs*