# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

        Plaintiffs,

  -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DIIORIO, personally
and in her official capacity as Executive
Director of CORTLAND HOUSING
AUTHORITY,

        Defendants.
-------------------------------------------------------X

Case 5:23-cv-01540-GTS-ML

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CORTLAND HOUSING AUTHORITY**

Plaintiffs ROBERT HUNTER ("Hunter"), ELMER IRWIN ("Irwin"), DOUG MERRIN ("Merrin"), and THE SECOND AMENDMENT FOUNDATION (Hunter, Irwin, and Merrin collectively the "Individual Plaintiffs"; "SAF" with the Individual Plaintiffs collectively the "Plaintiffs"), request that CORTLAND HOUSING AUTHORITY ("CHA") serve upon the undersigned counsel at Bochner PLLC, 1040 Avenue of the Americas, 15th Floor, New York, NY 10018 answers, under oath, to each of the following interrogatories within thirty (30) days of service of these interrogatories.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below unless otherwise indicated:

1.    "Individual Plaintiffs" means Hunter, Irwin, and Merrin, the individually named Plaintiffs in the above-captioned matter.

2. "Plaintiffs" means the Individual Plaintiffs and SAF, the Plaintiffs in the above-captioned matter.

3. "CHA" means Cortland Housing Authority, as well as agents, employees, officers, and directors thereof, and shall be construed liberally throughout these Requests to refer to the Defendant CHA in the above-captioned action.

4. "Diiorio" means Ella M. Diiorio, personally and in her official capacity as Executive Director of CHA.

5. "RLA" means CHA's uniform Residential Lease Agreement.

6. "FAC" means the First Amended Complaint in this action, ECF 20.

7. "Document(s)," when used in the Requests below, regardless of capitalization, shall be defined as synonymous in meaning and equal in scope to the use of the term in Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, "things," electronic mail, drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Fed. R. Evid. 1001. The term "document" shall also include Electronically Stored Information (as defined herein).

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, without limitation, written, oral, or electronic transmission.

9. "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximate (including relationship to other events).

10. "Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory, of which you have knowledge or information.

11. "Identify" with respect to a person that is an entity means to state its (a) full name, (b) legal form, (c) date of organization, (d) state of incorporation or organization or other business or license authority, (e) present or last known address and telephone number, and (f) the identity of its chief executive officer, partners, or persons in equivalent positions.

12. "Identify" with respect to communication means to give, to the extent known, (a) a description of the substance of the communication, (b) the form of the communications (e.g., telephone, facsimile, email, etc.), (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person, (d) the identity of the person whom you contend initiated the communication, and (e) the time, date, and place of the communication.

13. "Including" means "including but not limited to," and is neither restrictive nor limiting.

14. "Person" means any natural person or any legal entity, including, but not limited to, any business or government entity, organization, or association.

15. "Social Media" means any network of users connected via the internet, with user-generated content (e.g. Facebook, Instagram, X, TikTok, YouTube, LinkedIn, etc.).

16. "Firearms Ban" means CHA's ban on the possession of "any firearms (operable or inoperable) or other weapons as defined by the laws of the State of New York anywhere on the property of CHA," found in Article IX, section (p) of CHA's RLA and also referred to in the FAC.

17. "CHA Property" means a property managed by CHA.

18. The use of present tense includes past tense, and vice versa.

19. The masculine form shall also be construed to include feminine and vice versa.

20. Notwithstanding any definition set forth above, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

## **INSTRUCTIONS**

1. Answers to these interrogatories shall be served upon the undersigned attorneys at Bochner PLLC, 1040 Avenue of the Americas, 15th Floor, New York, NY 10018 within thirty (30) days of service of these interrogatories.

2. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

3. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

   a. The nature of the privilege claimed;

   b. The person who made the communication, whether oral or in writing;

   c. If the communication was oral, all persons present while the communication was made;

   d. If the communication was written, the author, addressees, and any other recipients;

   e. The relationship of the author of the communication to each recipient;

   f. The relationship of the persons present to the person who made the communication;

   g. The date and place of the communication; and

h. The general subject matter of the communication.

4. Unless otherwise stated herein, these interrogatories apply to activities in or in connection with the United States.

5. If you respond to an interrogatory by reference to documents pursuant to Federal Rules of Civil Procedure 33(d), identify the documents with specificity, including by identifying the applicable Bates Number range to the extent the documents are produced in response to Defendant's document requests in this action.

6. For the convenience of the Court and the parties, each interrogatory shall be quoted in full immediately preceding the response.

7. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all persons who drafted the Firearms Ban.

**INTERROGATORY NO. 2.** Identify all persons who offered to purchase or otherwise acquire firearms from CHA tenants, including one or more of the Individual Plaintiffs.

**INTERROGATORY NO. 3.** Identify and describe all attempts to purchase or otherwise acquire, offers to purchase or otherwise acquire, or actual purchases or acquisitions of firearms by CHA from CHA tenants, including one or more of the Individual Plaintiffs.

**INTERROGATORY NO. 4.** Identify each person responsible for securing tenant signatures or otherwise finalizing tenant RLAs for housing units on CHA property, including those persons who secured the signatures of the Individual Plaintiffs and finalized their RLAs.

**INTERROGATORY NO. 5.** Identify each person responsible for enforcing the provisions of the RLA.

**INTERROGATORY NO. 6.** Identify and describe all enforcement efforts related to the Firearms Ban.

**INTERROGATORY NO. 7.** Describe the process by which a person becomes a tenant at a CHA Property, from initial contact through renewal of the RLA.

**INTERROGATORY NO. 8.** Identify and describe all safety efforts, programs, or initiatives undertaken or promulgated by CHA to protect CHA tenants from crime or other dangers.

**INTERROGATORY NO. 9.** Identify all security measures put in place on CHA Property, including security guards, closed-circuit security cameras, restricted access areas, and/or any security personnel employed by CHA.

**INTERROGATORY NO. 10.** Identify all Social Media accounts operated by CHA, including the handle, name, or other identifying information and the platform on which the account is hosted, and the persons who manage, operate, post, or otherwise have access to the account.

**INTERROGATORY NO. 11.** For each Social Media account identified in response to Interrogatory No. 10, identify any Social Media accounts or users that have been blocked, banned, restricted, denied access, or otherwise limited in their capability to interact with your Social Media account, describe the date and circumstances that led to such restriction, and, if applicable, identify the date of restoration of access.

**INTERROGATORY NO. 12.** Identify each message, post, comment, reply, re-post, or thread that you have blocked, restricted, deleted, archived, or otherwise removed from public view, whether posted to your Social Media account(s) pages, sent to your Social Media account(s), or

posted on Social Media accounts not managed or operated by CHA, and the reasons for such action.

**INTERROGATORY NO. 13.** Explain why you adopted the Firearms Ban in the first place, and why you continued to enforce the Ban after Hunter informed you via email on April 10, 2023 and on other occasions, that the Ban was unconstitutional.

Dated: February 14, 2024
      New York, NY                **BOCHNER PLLC**

By: /s/ *Serge Krimnus*
Edward Andrew Paltzik, Esq.
Serge Krimnus, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law
serge@bochner.law

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I certify that I caused a true and correct copy of Plaintiffs' First Set of Interrogatories To Defendant Cortland Housing Authority to be delivered to opposing counsel via email on February 14, 2024 to the following email addresses:

John.liguori@townelaw.com
mark.houston@townelaw.com

| | |
|---|---|
| Dated: February 14, 2024<br>      New York, New York | /s/ *Serge Krimnus*<br>Serge Krimnus, Esq. |