# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

      Plaintiffs,

  -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DIIORIO, personally
and in her official capacity as Executive
Director of CORTLAND HOUSING
AUTHORITY,

      Defendants.
---------------------------------------------------------X

Case 5:23-cv-01540-GTS-ML

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ELLA M. DIIORIO**

     Plaintiffs ROBERT HUNTER ("Hunter"), ELMER IRWIN ("Irwin"), DOUG MERRIN ("Merrin"), and THE SECOND AMENDMENT FOUNDATION ("SAF") (Hunter, Irwin, and Merrin collectively the "Individual Plaintiffs"; "SAF" with the Individual Plaintiffs collectively the "Plaintiffs"), request that ELLA M. DIIORIO ("Diiorio") serve upon the undersigned counsel at Bochner PLLC, 1040 Avenue of the Americas, 15th Floor, New York, NY 10018 answers, under oath, to each of the following interrogatories within thirty (30) days of service of these interrogatories.

## DEFINITIONS

     As used herein, the following terms shall have the meanings set forth below unless otherwise indicated:

     1.    "Individual Plaintiffs" means Hunter, Irwin, and Merrin, the individually named Plaintiffs in the above-captioned matter.

1

2. "Plaintiffs" means the Individual Plaintiffs and SAF, the Plaintiffs in the above-captioned matter.

3. "CHA" means Cortland Housing Authority, as well as agents, employees, officers, and directors thereof, and shall be construed liberally throughout these Requests to refer to the Defendant CHA in the above-captioned action.

4. "Diiorio," "you," and "your," means Ella M. Diiorio, personally and in her official capacity as Executive Director of CHA.

5. "RLA" means CHA's uniform Residential Lease Agreement.

6. "FAC" means the most recently filed First Amended Complaint in this action, ECF 20.

7. "Document(s)," when used in the Requests below, regardless of capitalization, shall be defined as synonymous in meaning and equal in scope to the use of the term in Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, "things," electronic mail, drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Fed. R. Evid. 1001. The term "document" shall also include Electronically Stored Information (as defined herein).

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, without limitation, written, oral, or electronic transmission.

9. "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximate (including relationship to other events).

10. Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory, of which you have knowledge or information.

11. "Identify" with respect to a person that is an entity means to state its (a) full name, (b) legal form, (c) date of organization, (d) state of incorporation or organization or other business or license authority, (e) present or last known address and telephone number, and (f) the identity of its chief executive officer, partners, or persons in equivalent positions.

12. "Identify" with respect to communication means to give, to the extent known, (a) a description of the substance of the communication, (b) the form of the communications (e.g., telephone, facsimile, email, etc.), (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person, (d) the identity of the person whom you contend initiated the communication, and (e) the time, date, and place of the communication.

13. "Including" means "including but not limited to," and is neither restrictive nor limiting.

14. "Person" means any natural person or any legal entity, including, but not limited to, any business or government entity, organization, or association.

15. "Social Media" means any network of users connected via the internet, with user-generated content (e.g. Facebook, Instagram, X, TikTok, YouTube, LinkedIn, etc.).

16. "Firearms Ban" means CHA's categorical ban on the possession of "any firearms (operable or inoperable) or other weapons as defined by the laws of the State of New York anywhere on the property of CHA," found in Article IX, section (p) of CHA's RLA and also referred to in the FAC.

17. "CHA Property" means any property owned or managed by CHA.

18. The use of present tense includes past tense, and vice versa.

19. The masculine form shall also be construed to include feminine and vice versa.

20. Notwithstanding any definition set forth above, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

## **INSTRUCTIONS**

1. Answers to these interrogatories shall be served upon the undersigned attorneys at Bochner PLLC, 1040 Avenue of the Americas, 15th Floor, New York, NY 10018 within thirty (30) days of service of these interrogatories.

2. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

3. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

    a. The nature of the privilege claimed;

    b. The person who made the communication, whether oral or in writing;

    c. If the communication was oral, all persons present while the communication was made;

    d. If the communication was written, the author, addressees, and any other recipients;

    e. The relationship of the author of the communication to each recipient;

    f. The relationship of the persons present to the person who made the communication;

    g. The date and place of the communication; and

  h. The general subject matter of the communication.

 4. Unless otherwise stated herein, these interrogatories apply to activities in or in connection with the United States.

 5. If you respond to an interrogatory by reference to documents pursuant to Federal Rules of Civil Procedure 33(d), identify the documents with specificity, including by identifying the applicable Bates Number range to the extent the documents are produced in response to Defendant's document requests in this action.

 6. For the convenience of the Court and the parties, each interrogatory shall be quoted in full immediately preceding the response.

 7. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify any firearms permits or licenses to own, possess, or carry any firearms held by you at any point up to the present.

**INTERROGATORY NO. 2.** Identify any firearms that you currently own or possess, or have owned or possessed in the past, and for each, describe the manufacturer, caliber, and frequency and type of use, and provide the serial number.

**INTERROGATORY NO. 3.** Identify any non-firearm weapons that you currently own or possess, or have owned or possessed in the past, and for each describe the frequency and type of use.

**INTERROGATORY NO. 4.** Identify any firearms that you currently keep in your residence or have kept in your residence in the past, and for each, describe the manufacturer, caliber, and frequency and type of use, and provide the serial number.

**INTERROGATORY NO. 5.** Identify any non-firearm weapons that you currently keep in your residence or have kept in your residence in the past, and for each describe the frequency and type of use.

**INTERROGATORY NO. 6.** Identify all instances in which you have ordered the removal, blocking, banning, deletion, or other restriction of any CHA tenant and content posted by any CHA tenant, including one or more of the Individual Plaintiffs and their content, on Social Media.

**INTERROGATORY NO. 7.** Identify each offer to purchase or acquire firearms from a CHA tenant or prospective tenant made by you.

**INTERROGATORY NO. 8.** Identify each communication between you and Carole Preston regarding the acquisition, purchase, or confiscation of firearms from a CHA tenant or prospective tenant.

**INTERROGATORY NO. 9.** Identify all efforts to investigate tenants' criminal backgrounds personally undertaken or overseen by you from 2005 to the present, including a description of the individual responsible for investigation and any results obtained.

**INTERROGATORY NO. 10.** Identify any instance in which you were a victim of a crime at any point up to the present, including but not limited to crimes involving a firearm.

**INTERROGATORY NO. 11.** Identify any instances in which you were arrested.

**INTERROGATORY NO. 12.** Identify any instances in which you were charged with a crime.

**INTERROGATORY NO. 13.** Identify any instances in which you were convicted of a crime.

**INTERROGATORY NO. 14.** Identify each tenant signature you secured on a lease for a housing unit within any CHA Property since 2005, including the tenant's name, address, and telephone number, and the date of signature.

**INTERROGATORY NO. 15.** Identify all Social Media accounts controlled or operated by you, including the handle, name, or other identifying information and the platform on which the account is hosted.

**INTERROGATORY NO. 16.** Explain why you enforced the Firearms Ban.

**INTERROGATORY NO. 17.** Explain why, after CHA received communications informing it that the Firearms Ban was illegal and unconstitutional, you continued to enforce the Firearms Ban.

**INTERROGATORY NO. 18.** Identify the person who made the decision to maintain the Firearms Ban even after Hunter's complaints that the Firearms Ban was unconstitutional, including their name, job title, address, phone number, and email address.

Dated: February 15, 2024
       New York, NY                       **BOCHNER PLLC**

By: /s/ *Serge Krimnus*
Edward Andrew Paltzik, Esq.
Serge Krimnus, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law
serge@bochner.law

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that I caused a true and correct copy of Plaintiffs' First Set of Interrogatories To Defendant Ella M. Diiorio to be delivered to opposing counsel via email on February 15, 2024 to the following email addresses:

John.liguori@townelaw.com
mark.houston@townelaw.com


Dated: February 15, 2024                                        /s/ *Serge Krimnus*
        New York, New York                             Serge Krimnus, Esq.