# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

      Plaintiffs,

  -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DIIORIO, personally
and in her official capacity as Executive
Director of CORTLAND HOUSING
AUTHORITY,

      Defendants.
---------------------------------------------------------X

Case 5:23-cv-01540-GTS-ML

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT ELLA M. DIIORIO**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs ROBERT HUNTER ("Hunter"), ELMER IRWIN ("Irwin"), DOUG MERRIN ("Merrin"), and THE SECOND AMENDMENT FOUNDATION ("SAF") (Hunter, Irwin, and Merrin collectively the "Individual Plaintiffs"; "SAF" with the Individual Plaintiffs collectively the "Plaintiffs"), requests that Defendant ELLA M. DIIORIO ("Diiorio") produce responsive documents to the following requests for production ("Requests") within 30 days from the date these requests are served, to the undersigned counsel at the offices of Bochner PLLC, 1040 Avenue of the Americas, 15th Floor, New York, NY 10018.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below unless otherwise indicated:

1

1. "Individual Plaintiffs" means Hunter, Irwin, and Merrin, the individually named Plaintiffs in the above-captioned matter.

2. "Plaintiffs" means the Individual Plaintiffs and SAF, the Plaintiffs in the above-captioned matter.

3. "CHA" means Cortland Housing Authority, as well as agents, employees, officers, and directors thereof, and shall be construed liberally throughout these Requests to refer to the Defendant CHA in the above-captioned action.

4. "Diiorio," "you," and "your," means Ella M. Diiorio, personally and in her official capacity as Executive Director of CHA.

5. "RLA" means CHA's uniform Residential Lease Agreement.

6. "FAC" means the most recently filed First Amended Complaint in this action, ECF 20.

7. "Document(s)," when used in the Requests below, regardless of capitalization, shall be defined as synonymous in meaning and equal in scope to the use of the term in Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, "things," electronic mail, drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Fed. R. Evid. 1001. The term "document" shall also include Electronically Stored Information (as defined herein).

8. "Electronically Stored Information" and "ESI" shall refer to electronically stored information and includes both active and residual ESI kept in the ordinary course of business. Residual ESI includes, but is not limited to, deleted files, overwritten files, file fragments, or other

data found in ambient space on electronic storage media. Active ESI includes, but is not limited to, information readily available and accessible to computer users through existing file management programs.

9. "Communication" means each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, electronically, telex, telegram, recording, in writing, or by any other means.

10. "Include" and "including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

11. The term "identify," with respect to communications, means to provide, to the extent known, the (a) date the communication was made; (b) the identity and location of the person who initiated the communication; (c) the identities and locations of the person or persons who received the communication; and (d) the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

12. "Firearms Ban" means CHA's ban on the possession of "any firearms (operable or inoperable) or other weapons as defined by the laws of the State of New York anywhere on the property of CHA," found in Article IX, section (p) of CHA's RLA and also referred to in the FAC.

13. "CHA Property" means a property owned or managed by CHA.

## INSTRUCTIONS

1. These Requests cover all documents in your possession, custody, or control, wherever located, including documents in the possession of your representatives, attorneys, or other persons directly or indirectly retained by you, or anyone else acting on your behalf or otherwise subject to its control. They shall be deemed continuing requests, and you shall produce any supplemental materials of the nature sought herein that it obtains, directly or indirectly, or to which it gains access, following any production in response to these Requests.

2. Unless otherwise agreed by the parties, responsive hard copy documents should be produced in PDF format, and responsive ESI should be produced in PDF format and include underlying text files, load files, and metadata:

  a. BEG_NO - Bates number associated with the first page of the document;

  b. END_NO - Bates number associated with the last page of the document;

  c. ATTACH_RANGE - Attachment range for parent document and children document including the Bates number associated with the first page of the parent document and the Bates number associated with the last page of the last child document;

  d. FILE_EXT – File extension of the native file (e.g., XLS, DOC);

  e. FILE_NAME – Original file name of the native file;

  f. CREATE_DATE – Creation date of the native file in mm/dd/yyyy format;

  g. DATE_LAST_MOD – Date native file was last modified in mm/dd/yyyy format;

  h. TIME_LAST_MOD – Time native file was last modified in the time it was created in;

  i. SUBJECT – Information from the Subject line of an email message;

  j. FROM – Author of an email message;

  k. TO – Recipient of an email message;

  l. CC – Recipient of carbon copies of an e-mail message;

  m. BCC – Recipient of blind carbon copies of an email message;

  n. DATE_SENT – Send date of an email message in mm/dd/yyyy format; and

  o. TIME_SENT – Sent time of an email message in time it was created in.

Unless otherwise agreed by the parties, Defendant should preserve parent-child relationships (the association between an attachment and its parent document) in the responsive ESI, and Plaintiff should eliminate duplicative responsive ESI across all custodians.

Certain types of files such as system, program, video and sound files may not be amenable to conversion into a useful document format and are thus considered non-convertible files. Unless otherwise agreed by the parties, relevant and responsive non-convertible files should be produced in their native format and a placeholder containing the Bates or production number and confidentiality designation, if any, should be provided. Plaintiff may also choose to produce non-convertible files in native format with a corresponding control number assigned to the original file name and confidentiality designation, if any, for each such native file. The control number may be affixed directly to files or produced in a separate document.

With respect to responsive tangible items, once they are identified, inspection can be arranged at a mutually agreeable date and time.

3. In responding to the Requests, you should consult every potential source of documents in its possession or control, or to which you have access, including documents in the possession of its experts, consultants, and agents.

4. Items produced in response to these Requests should be organized or labeled to indicate the request to which such items are responsive.

5. Where anything has been deleted or redacted from a document or ESI produced in response to a request:

   a. Specify the nature of the material deleted or redacted;

   b. Specify the reason for the deletion or redaction;

   c. Identify the person responsible for the deletion; and

      d.      Indicate on the document or ESI where material has been deleted.

Unless otherwise agreed by the parties, if ESI is redacted based on privilege, the redacted ESI should be produced in a single page TIFF format that has been processed with OCR, so that it is searchable, and all related metadata must be produced in a metadata load file.

6.      If any material responsive to any of these Requests was, but is no longer, in your possession or custody or subject to your control, provide the following information for each such item:

      a.      Identify and describe the material;

      b.      Specify whether such material is missing, lost, destroyed or otherwise disposed, or in the possession, custody, or control of another;

      c.      State the date of such loss, destruction, disposal, or other disposition of material;

      d.      Explain the circumstances of such loss, destruction, disposal, or other disposition of material; and

      e.      Identify the persons who authorized or have knowledge of such loss, destruction, disposal, or other disposition of material.

7.      If any item (or portion of an item) is withheld from production pursuant to a claim of privilege, identify such item (or portion thereof) as privileged and state the legal and factual basis for the claim of privilege. In the case of documents or ESI as to which a privilege is asserted, state:

      a.      The title of the document or ESI;

      b.      The nature of the document or ESI (e.g., interoffice memorandum, correspondence, report);

      c.      The author or sender;

      d.      The addressee;

      e.      The date of the document or ESI;

      f.      The name of each person to whom the original or a copy was shown or circulated;

      g.      The names appearing on any circulation list relating to the document or ESI;

      h.      The basis on which privilege is claimed; and

      i.      A summary statement of the subject matter of the document or ESI in sufficient detail to permit the court to rule on the property of the objection.

8. If an objection is made to any request or portion of a request, identify the request or portion thereof to which an objection is made, state the basis of the objection, and produce all items responsive to the non-objectionable portion of the request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All communications between you and any of the Individual Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2:** All communications sent or received by you relating to one or more of the Individual Plaintiffs.

**REQUEST FOR PRODUCTION NO. 3:** All communications between you and one or more other CHA employees about the Individual Plaintiffs.

**REQUEST FOR PRODUCTION NO. 4:** All communications between you and one or more other CHA employees about the above-captioned action.

**REQUEST FOR PRODUCTION NO. 5:** All communications between you and one or more other CHA employees about the Firearms Ban.

**REQUEST FOR PRODUCTION NO. 6:** All communications between you and one or more employees of the United States Government, including but not limited to the United States Department of Housing and Urban Development, about the Firearms Ban.

**REQUEST FOR PRODUCTION NO. 7:** All communications between you and one or more employees of the United States Government, including but not limited to the United States Department of Housing and Urban Development, relating to firearms.

**REQUEST FOR PRODUCTION NO. 8:** Any model rules, regulations, policies, or guidelines relating to firearms provided to you or to CHA by the United States Government, including but not limited to the United States Department of Housing and Urban Development.

**REQUEST FOR PRODUCTION NO. 9:** Your employment contracts and/or employment agreements with CHA from 2005 to the present.

**REQUEST FOR PRODUCTION NO. 10:** Any communications between you and CHA relating to your promotion to Executive Director of CHA.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify the name, job title, home address, email, and telephone number of each CHA employee who you supervised, managed, or otherwise had authority over from September 2021 to the present.

**REQUEST FOR PRODUCTION NO. 12:** All documents relating to reimbursements, requests for reimbursement, expense reports, expenses, receipts, and statements from your CHA credit cards from September 2021 to the present.

**REQUEST FOR PRODUCTION NO. 13:** All variations, versions, revisions, or iterations of your resume from 2005 to the present.

**REQUEST FOR PRODUCTION NO. 14:** All documents relating to any confiscation or removal of a firearm or other weapon from a resident, tenant, applicant, or visitor in any CHA Property ordered by you.

**REQUEST FOR PRODUCTION NO. 15:** All licenses or permits to own, possess, or carry any firearm or firearms held by you, including currently active and expired licenses or permits.

**REQUEST FOR PRODUCTION NO. 16:** Any writings created, drafted, or prepared by you relating to firearms, firearms policy, or firearms laws, in any form, whether electronic or otherwise.

Dated: February 15, 2024
          New York, NY                              **BOCHNER PLLC**

                                                    By: /s/ *Serge Krimnus*
                                                    Edward Andrew Paltzik, Esq.
                                                    Serge Krimnus, Esq.
                                                    1040 Avenue of the Americas, 15th Floor
                                                    New York, NY 10018
                                                    (516) 526-0341
                                                    edward@bochner.law
                                                    serge@bochner.law

                                                    *Attorneys for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

      I certify that I caused a true and correct copy of Plaintiff's First Set of Requests For Production of Documents To Defendant Ella M. Diiorio to be delivered to opposing counsel via email on February 15, 2024 at the following email addresses:

John.liguori@townelaw.com
Mark.houston@townelaw.com


Dated: February 15, 2024                                               /s/ *Serge Krimnus*
      New York, New York                                      Serge Krimnus, Esq.