# Exhibit G

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRCIT OF NEW YORK**

ROBERT HUNTER, ELMER IRWIN, DOUG
MERRIN, and THE SECOND AMENDMENT
FOUNDATION,

Case No.: 5:23-cv-01540
(GTS/ML)

                              Plaintiffs,

-against-

CORTLAND HOUSING AUTHORITY, and
ELLA M. DIIORIO in her official capacity as
Executive Director of CORTLAND HOUSING
AUTHORITY,

                              Defendants.

**CORTLAND HOUSING AUTHORITY'S**
**RESPONSE TO PLAINTIFFS' REQUESTS**
**FOR ADMISSIONS**

Defendant, Cortland Housing Authority ("CHA" or the "Housing Authority"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26 and 36, provides the following objections and answers in response to Plaintiffs' First Set of Requests for Admissions (the "Requests").

## GENERAL STATEMENT AND OBJECTIONS

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that CHA has objected or responded to any Request shall not be deemed an admission that CHA accept or admit the existence of any facts set forth or assumed by such Request or such objection or response constitutes admissible evidence. The fact that CHA has responded to part or all of any

1

Request is not intended to and shall not be construed to be a waiver by CHA to any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by CHA upon reasonable investigation. Respondents expressly reserve the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

**REQUEST NO. 1:**   Admit that in February 2023, CHA blocked Hunter's access to CHA's Facebook page after he posted a message complaining about the Firearms Ban.

**RESPONSE NO. 1:** CHA objects to Request 1 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010]; *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). Subject to and without waiving said objection, CHA denies it blocked Plaintiff-Hunter's access to CHA's Facebook page and after reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the substance of Hunter's message.

**REQUEST NO. 2:**   Admit that in February 2023, CHA banned Hunter from posting messages on CHA's Facebook page after he posted a message complaining about the Firearms Ban.

**RESPONSE NO. 2:** CHA objects to Request 2 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist.

LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010]; *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). Subject to and without waiving said objection, CHA denies it banned Plaintiff-Hunter's access to CHA's Facebook page and after reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the substance of Hunter's message.

**REQUEST NO. 3:**   Admit that in February 2023, CHA deleted Hunter's message complaining about the Firearms Ban from CHA's Facebook page.

**RESPONSE NO. 3:** CHA objects to Request 3 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010]; *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). Subject to and without waiving said objection, CHA denies it deleted Plaintiff-Hunter's message and after reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the substance of Hunter's message.

**REQUEST NO. 4:**   Admit that in February 2023, CHA deleted Hunter's message complaining about the Firearms Ban from CHA's Facebook page because CHA did not agree with the content of Hunter's message.

**RESPONSE NO. 4:** CHA objects to Request 4 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). The request is also duplicative and cumulative within the meaning of Rule 26(b)(2)(i).

**REQUEST NO. 5:**   Admit that in February 2023, CHA deleted Hunter's message complaining about the Firearms Ban from CHA's Facebook page because the message was critical of CHA.

**RESPONSE NO. 5:** CHA objects to Request 5 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). The request is duplicative and cumulative within the meaning of Rule 26(b)(2)(i).

**REQUEST NO. 6:**   Admit that CHA offered to purchase or otherwise acquire firearms from CHA tenants.

4

**RESPONSE NO. 6:**    CHA objects to Request 6 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Subject to and without waiving said objection, CHA denies Request 6.

**REQUEST NO. 7:**    Admit that CHA employee Carole Preston offered to purchase or otherwise acquire firearms from CHA tenants.

**RESPONSE NO. 7:**    CHA objects to Request 7 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). The request is also a compound question improperly asking the CHA to admit to several matters in one statement. Subject to and without waiving said objection, CHA admits Carole Preston was an employee of CHA and it has made reasonably inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the remaining Request.

**REQUEST NO. 8:**    Admit that CHA offered to purchase or otherwise acquire firearms from one or more of the Individual Plaintiffs.

**RESPONSE NO. 8:**  CHA objects to Request 8 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig*

*Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is duplicative and cumulative within the meaning of Rule 26(b)(2)(i).

**REQUEST NO. 9:**   Admit that CHA employee Carole Preston offered to purchase or otherwise acquire firearms from one or more of the Individual Plaintiffs.

**RESPONSE NO. 9:**   CHA objects to Request 9 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is duplicative and cumulative within the meaning of Rule 26(b)(2)(i).

**REQUEST NO. 10:**  Admit that the Firearms Ban prohibits the Individual Plaintiffs, other CHA tenants, members of tenants' households, and visitors from possessing handguns on CHA property.

**RESPONSE NO. 10:**   CHA objects to Request 10 in that it seeks CHA to ratify legal conclusions that Plaintiffs have attached to operative facts and therefore runs afoul Rule 36. *See, EEOC v. Bloomberg, L.P., 2010 US Dist. LEXIS 80113, at *4 (SDNY Aug. 4, 2010).* Furthermore, the request is vaguely and ambiguously written that would require the CHA to provide a narrative response.

**REQUEST NO. 11:**  Admit that the Firearms Ban prohibits the Individual Plaintiffs, other CHA tenants, members of tenants' households, and visitors from possessing rifles on CHA property.

**RESPONSE NO. 11:**   CHA objects to Request 10 in that it seeks CHA to ratify legal conclusions that Plaintiffs have attached to operative facts and therefore runs afoul Rule 36. *See, EEOC v. Bloomberg, L.P., 2010 US Dist. LEXIS 80113, at *4 (SDNY Aug. 4, 2010).* Furthermore, the request is vaguely and ambiguously written that would require the CHA to provide a narrative response.


**REQUEST NO. 12:**  Admit that the Firearms Ban prohibits the Individual Plaintiffs, other CHA tenants, members of tenants' households, and visitors from possessing shotguns on CHA property.

**RESPONSE NO. 12:**   CHA objects to Request 10 in that it seeks CHA to ratify legal conclusions that Plaintiffs have attached to operative facts and therefore runs afoul Rule 36. *See, EEOC v. Bloomberg, L.P., 2010 US Dist. LEXIS 80113, at *4 (SDNY Aug. 4, 2010).* Furthermore, the request is vaguely and ambiguously written that would require the CHA to provide a narrative response.


**REQUEST NO. 13:**  Admit that the Firearms Ban prohibits the Individual Plaintiffs, other CHA tenants, members of tenants' households, and visitors from possessing non-firearm weapons on CHA property.

**RESPONSE NO. 13:**   CHA objects to Request 10 in that it seeks CHA to ratify legal conclusions that Plaintiffs have attached to operative facts and therefore runs afoul Rule 36. *See, EEOC v. Bloomberg, L.P., 2010 US Dist. LEXIS 80113, at *4 (SDNY Aug. 4, 2010).* Furthermore, the request is vaguely and ambiguously written that would require the CHA to provide a narrative response.

**REQUEST NO. 14:**  Admit that CHA has not updated the RLA since at least 2008.

**RESPONSE NO. 14:**  Admitted for the time period of May of 2008 to the filing of the Complaint in this action.

**REQUEST NO. 15:** Admit that on April 10, 2023, CHA received an email from Hunter complaining about the Firearms Ban and asserting that the Firearms Ban was unconstitutional.

**RESPONSE NO. 15:** Admitted

**REQUEST NO. 16:**  Admit that on May 1, 2023, CHA's outside counsel Michael C. Perehinec sent an email communication to Hunter's attorney Patrick Conklin stating "Unconstitutional lease provision regarding firearms. We will not be changing our stated position or the lease provision on this matter."

**RESPONSE NO. 16:** CHA objects to Request 16 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Further, Plaintiffs request is a mischaracterization of the discussion between counsels. Subject to and without waiving the said objections. CHA admits that an email was sent from its outside counsel on May 1, 2023 to Patrick Conklin.

**REQUEST NO. 17:**  Admit that on June 30, 2023, CHA conducted a tenant meeting, and that one of the topics of the meeting was the Firearms Ban.

**RESPONSE NO. 17:** CHA objects to Request 17 as it seeks to elicit facts and information

8

rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]).Subject to and without waiving said objection, CHA admits that on June 30, 2023 there was a tenant meeting at 37 Galatia Street at the request of tenants. CHA denies that the requested topic for the meeting was the Firearms Ban.

**REQUEST NO. 18:** Admit that on June 30, 2023, CHA conducted a tenant meeting, and that one of the topics of the meeting was Hunter's April 10, 2023 email to CHA.

**RESPONSE NO. 18:** CHA objects to Request 18 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]).Subject to and without waiving said objection, CHA admits that on June 30, 2023 there was a tenant meeting at 37 Galatia Street at the request of the tenants of that development.. CHA denies that the requested topic for the meeting was "Hunter's April 10, 2023 email to CHA".

**REQUEST NO. 19:** Admit that at the on June 30, 2023 tenant meeting, Diiorio informed tenants that CHA would continue to enforce the Firearms Ban.

**RESPONSE NO. 19:** CHA objects to Request 1 as it seeks to elicit facts and information

rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]).Subject to and without waiving said objection, CHA admits that on June 30, 2023 there was a tenant meeting at 37 Galatia Street at the request of the tenants of that development.

**DATED:**     March 14, 2024
              Albany, New York

                                        THE TOWN LAW FIRM, P.C.

                         By:     ___*s/ Mark T. Houston*_____
                                 Mark T. Houston, Esq.
                                 NDNY Bar Roll No. 519979
                                 Attorneys for Defendants
                                 500 New Karner Rd, P.O. Box 15072
                                 Albany, New York 12212
                                 (518) 452-1800

Cc: Counsel of Record (*via email*)

<u>CERTIFICATE OF SERVICE</u>

I certify that I caused a true and correct copy of Defendant, Cortland Housing Authority's, Response to Plaintiffs' First Set of Requests For Admission to opposing counsel via email on March 14, 2024 at the following email addresses:

<u>edward@bochner.law</u>
<u>serge@bochner.law</u>

Dated: March 14, 2024
       Albany, New York

<em><u>/s/ Mark T. Houston</u></em><br>Mark T. Houston, Esq.

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT HUNTER, ELMER IRWIN, DOUG MERRIN, and THE SECOND AMENDMENT FOUNDATION, | Case No.: 5:23-cv-01540 (GTS/ML) |
| Plaintiffs, | **CORTLAND HOUSING AUTHORITY'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| -against- | |
| CORTLAND HOUSING AUTHORITY, and ELLA M. DIIORIO in her official capacity as Executive Director of CORTLAND HOUSING AUTHORITY, | |
| Defendants. | |

Defendant, Cortland Housing Authority ("CHA" or the "Housing Authority"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26 and 33, provides the following objections and answers in response to Plaintiffs' First Set of Interrogatories to Cortland Housing Authority.

## GENERAL STATEMENT AND OBJECTIONS

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

The Housing Authority's investigation and development of all facts and circumstances relating to his action is ongoing. These responses and objections are made without prejudice to and are not a waiver of, the Housing Authority's right to rely on other facts or documents at trial.

No incidental or implied admissions are intended by these responses. The fact that CHA has objected or responded to any interrogatory shall not be deemed an admission that CHA

1

accept or admit the existence of any facts set forth or assumed by such Request or such objection or response constitutes admissible evidence. The fact that CHA has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by CHA to any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by CHA upon reasonable investigation. Respondents expressly reserve the right to modify, revise, supplement, or amend their responses as they deem appropriate.

### SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1.** Identify all persons who drafted the Firearms Ban.

**RESPONSE NO. 1:** The CHA is not presently aware of the persons that drafted the Firearms Ban at this time.

**INTERROGATORY NO. 2.** Identify all persons who offered to purchase or otherwise acquire firearms from CHA tenants, including one or more of the Individual Plaintiffs.

**RESPONSE NO. 2:** The CHA objects to Interrogatory No. 2 in that is overly broad and calls for speculation based upon Plaintiffs definition of "person" CHA would be required to speculate as to what "persons" are being referred to in the interrogatory. Furthermore, the interrogatory is burdensome, improper, and overly broad as it is not properly limited in temporal scope and potentially seeks the identification of every CHA tenant responsible for securing tenant signatures or finalizing tenant RLAs for the sixty-seven (67) years of its existence as well as still calling speculation as the term "persons". Additionally, the interrogatory calls for the production of privileged information under N.Y.S Pub. Hous. Law § 159 in that it requires the CHA to disclose information received from a tenant during the application process.

**INTERROGATORY NO. 3.** Identify and describe all attempts to purchase or otherwise acquire, offers to purchase or otherwise acquire, or actual purchases or acquisitions of firearms by CHA from CHA tenants, including one or more of the Individual Plaintiffs.

**RESPONSE NO. 3:** The CHA objects to Interrogatory No. 3 as being burdensome, improper, and overly broad as it is not properly limited in temporal scope and potentially seeks the identification of every CHA tenant responsible for securing tenant signatures or finalizing tenant RLAs for the sixty-seven (67) years of its existence as well as still calling speculation as the term "persons". Additionally, the interrogatory calls for the production of privileged information under N.Y.S Pub. Hous. Law § 159 in that it requires the CHA to disclose information received from a tenant during the application process. Subject to and without waiving said objection, the CHA has no policy, program, or practice of purchasing or acquiring firearms from any persons.

**INTERROGATORY NO. 4.** Identify each person responsible for securing tenant signatures or otherwise finalizing tenant RLAs for housing units on CHA property, including those persons who secured the signatures of the Individual Plaintiffs and finalized their RLAs.

**RESPONSE NO. 4:** The CHA objects to Interrogatory No. 4 as being burdensome, improper, and overly broad as it is not properly limited in temporal scope and potentially seeks the identification of every CHA employee responsible for securing tenant signatures or finalizing tenant RLAs for the sixty-seven (67) years of its existence. Furthermore, Interrogatory No. 8 is an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint. Subject to and without waiving said objection, CHA employees Carole Preston and Heather Walsey were Lease Housing Coordinators for the Housing Authority during the period complained of in the Complaint.

**INTERROGATORY NO. 5.** Identify each person responsible for enforcing the provisions of the RLA.

**RESPONSE NO. 5:** The CHA objects to Interrogatory No. 4 as being burdensome, improper, and overly broad as it is not properly limited in temporal scope and potentially seeks the identification of every CHA employee responsible for securing tenant signatures or finalizing tenant RLAs for the sixty-seven (67) years of its existence. Furthermore, the interrogatory is ambiguous as it does not fully define the term "enforcing". Subject to and without waiving said objection, all CHA staff are responsible for ensuring tenants comply with the terms of their lease. The executive director of the CHA has ultimate responsibility for deciding how to handle any breach discovered by CHA staff.

**INTERROGATORY NO. 6.** Identify and describe all enforcement efforts related to the Firearms Ban.

**RESPONSE NO. 6:** The CHA objects to Interrogatory No. 6 as being overly broad and unduly burdensome as not being limited in time or by reference to events relevant to this litigation. Furthermore, the interrogatory is ambiguous as it does not fully define the term "enforcing". Subject to and without waiving said objection, the CHA is not aware of any eviction proceedings brought against any tenant during the relevant period of time for breach of their lease based upon the existence of a firearm in any of its public housing properties.

**INTERROGATORY NO. 7.** Describe the process by which a person becomes a tenant at a CHA Property, from initial contact through renewal of the RLA.

**RESPONSE NO. 7:** The CHA objects to Interrogatory No. 7 as being unduly burdensome designed to harass the answering defendant in that it calls for the CHA to provide a long narrative explanation that Plaintiffs could otherwise have sought through a deposition of a

representative of CHA or otherwise found on CHA's website which Plaintiffs' have already cited

to in their First Amended Complaint. The interrogatory also calls for the answering defendant to

speculate as to a response given the ambiguous nature of the other circumstances of "a person"

proposed in the interrogatory. Furthermore, Interrogatory No. 8 is an overly broad fishing

expedition for irrelevant information that seeks information that is not relevant to the four (4)

causes of action set forth in the operative complaint.   Subject to and without waiving said

objections, the CHA directs Plaintiffs to the United States Department of Housing and Urban

Developments webpage entitled "HUD'S PUBLIC HOUSING PROGRAM" available at

https://www.hud.gov/topics/rental_assistance/phprog as well as Part 960 of Title 24 of the Code

of Federal Regulations pertaining to the regulations for applications for public housing.


**INTERROGATORY NO. 8.** Identify and describe all safety efforts, programs, or initiatives
undertaken or promulgated by CHA to protect CHA tenants from crime or other dangers.

**RESPONSE NO. 8:** The CHA objects to Interrogatory No. 8 as being overly broad and unduly

burdensome as not being limited in time or by reference to events relevant to this litigation.

Interrogatory No. 8 also fails to define which if any property the CHA is to discuss. The

interrogatory is also ambiguous in that it does not define "other dangers". It also calls for the

CHA to provide a long narrative explanation that Plaintiffs could otherwise have sought through

a deposition of a representative of CHA. Furthermore, Interrogatory No. 8 is an overly broad

fishing expedition for irrelevant information that seeks information that is not relevant to the four

(4) causes of action set forth in the operative complaint. Subject to and without waiving said

objections and upon information and belief, the CHA answers and sets forth that for the

development in which individual plaintiffs utilize lock doors and relies on local and county law

enforcement agencies for security.

**INTERROGATORY NO. 9.** Identify all security measures put in place on CHA Property, including security guards, closed-circuit security cameras, restricted access areas, and/or any security personnel employed by CHA.

**RESPONSE NO. 9:** The CHA objects to Interrogatory No. 9 as being overly broad and unduly burdensome as not being limited in time or by reference to events relevant to this litigation. Interrogatory No. 9 also fails to define which if any property the CHA is to discuss. The interrogatory is also ambiguous in that it does not define "other dangers". Interrogatory No. 9 is an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint. Furthermore, Interrogatory No. 9 arguably calls for the production of information that is privileged under N.Y.S.P.O.L. § 87(2)(c) as well as calling for the production of proprietary information that if provided could be used to counteract security measures. Subject to and without waiving said objections and upon information and belief, the CHA directs Plaintiffs to Response #8 and is in the process of contracting to upgrade and install additional security measures in its development.

**INTERROGATORY NO. 10.** Identify all Social Media accounts operated by CHA, including the handle, name, or other identifying information and the platform on which the account is hosted, and the persons who manage, operate, post, or otherwise have access to the account.

**RESPONSE NO. 10:** The CHA objects to Interrogatory No. 4 as being burdensome, improper, and overly broad as it is not properly limited in temporal scope and potentially seeks the identification of every Social Media account operated by the CHA for the sixty-seven (67) years of its existence. Subject to and without waiving said objection, the CHA does not operate its social media accounts. CHA employees an independent contractor, Eves Broadcasting, Inc. P.O. Box 386, Homer, New York 13077 ("Eves") to operate a Facebook account whose name is "Cortland Housing Authority" and website www.cortlandha.com.

6

**INTERROGATORY NO. 11.** For each Social Media account identified in response to Interrogatory No. 10, identify any Social Media accounts or users that have been blocked, banned, restricted, denied access, or otherwise limited in their capability to interact with your Social Media account, describe the date and circumstances that led to such restriction, and, if applicable, identify the date of restoration of access.

**RESPONSE NO. 11:** The CHA objects to Interrogatory No. 11 as being burdensome, improper, and overly broad as it is not properly limited in temporal scope and potentially seeks the identification of every Social Media account operated by the CHA for the sixty-seven (67) years of its existence. Subject to and without waiving said objection, CHA contracted with Eves to provide a limited public forum for the CHA to make announcements to the general public and was unaware that Eves has permitted for comments to be made on Facebook announcement until February of 2023 when it was broad to CHA's attention that Eves removed a comment by Plaintiff-Hunter which violated Eves internal policy that a commentor could not post comments that were harassing or threatening in nature, included any personal information, or were spam.

**INTERROGATORY NO. 12.** Identify each message, post, comment, reply, re-post, or thread that you have blocked, restricted, deleted, archived, or otherwise removed from public view, whether posted to your Social Media account(s) pages, sent to your Social Media account(s), or posted on Social Media accounts not managed or operated by CHA, and the reasons for such action.

**RESPONSE NO. 12:** The CHA objects to Interrogatory No. 12 as being improper and confusing presenting a compound question. Subject to and without waiving said objection, see Response No. 12.

**INTERROGATORY NO. 13.** Explain why you adopted the Firearms Ban in the first place, and why you continued to enforce the Ban after Hunter informed you via email on April 10, 2023 and on other occasions, that the Ban was unconstitutional.

**RESPONSE NO. 13:** The CHA objects to Interrogatory No. 13 as being two separate

interrogatories that Plaintiffs improperly attempts to pose as one in contravention of Fed. R. Civ.

P 33(a)(1). Subject to and without waiving the said objection, the CHA will respond to the both

questions. CHA treats "Explain why you adopted the Firearms Ban in the first place" as

interrogatory no. 13 and "why you continued to enforce the Ban after Hunter informed you via

email on April 10, 2023 and on other occasions, that the Ban was unconstitutional" and

interrogatory no. 14 Upon information and belief the Firearms Bas was adopted in response to

United Stated Housing and Urban Development's requests for public housing authority to adopt

policies that would limit crime and violence on public housing authority properties.


**INTERROGATORY No. 14:** Explain why you continued to enforce the Ban after Hunter informed you via email on April 10, 2023, and on other occasions, that the Ban was unconstitutional.

**RESPONSE NO. 14:** Upon information and believe, the CHA believes that its developments,

being federally owned properties, were deemed sensitive spaces under federal and New York

laws.


**DATED:**     March 14, 2024
              Albany, New York

                              THE TOWN LAW FIRM, P.C.


                    By:       ___*s/ Mark T. Houston*_____
                              Mark T. Houston, Esq.
                              NDNY Bar Roll No. 519979
                              Attorneys for Defendants
                              500 New Karner Rd, P.O. Box 15072
                              Albany, New York 12212
                              (518) 452-1800

Cc: Counsel of Record (*via email*)

## **VERIFICATION**

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF CORTLAND   )

I, Ella M. Diiorio, am the Executive Director of the Cortland Housing Authority. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2024
Cortland, New York

_____
Ella M. Diiorio, Executive Director

9

<u>CERTIFICATE OF SERVICE</u>

I certify that I caused a true and correct copy of Defendant, Cortland Housing Authority's, Response to Plaintiffs' First Set of Requests For Admission to opposing counsel via email on March 14, 2024 at the following email addresses:

<u>edward@bochner.law</u>
<u>serge@bochner.law</u>

Dated: March 14, 2024
      Albany, New York

                                      */s/ Mark T. Houston*
                                      Mark T. Houston, Esq.

10

# T·LF THE TOWNE LAW FIRM, P.C.
### ATTORNEYS AT LAW

March 14, 2024

*Via Email at: serge@bochner.law*
Serge Krimnus, Esq.
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
Ms. Laura Franco, Sr. Claims Examiner

   Re:  Robert Hunter et al v. Cortland Housing Authority et al.
       NDNY Case No.:  5:23-cv-01540 (GTS/ML)
       Our File No.    401.1822

Dear Mr. Krimnus:

   Enclosed for service upon your clients are Defendants' Responses to Plaintiffs' Requests for Admissions and First Set of Interrogatories. We are finalizing Defendants' Responses to Plaintiffs' Requests for production and would request a thirty (30) day extension to respond.

   Additionally, we do not agree with your problematic reading of the statute. Section 159 of the Public Housing Law provides that information acquired of tenants of public housing shall not be opened to the public or used in any court in an action or proceeding. Your reading of the statute is inconsistent with its purpose and other supporting opinions. We again reiterate plaintiffs are not entitled to discover the contents of any other tenant or public housing applicant's file outside of their own files. Hence, Defendants request that Plaintiffs withdraw all discovery demands seeking information pertaining to tenant or applicant who is not a named plaintiff in this action.

   Defendants also object to Plaintiffs discovery demands pertaining to Ms. Diiorio's personal life as being beyond the scope of discovery under Rule 26(b) and request that Plaintiffs revise their demands accordingly.

           Very truly yours,

           THE TOWNE LAW FIRM, P.C.

     By:   *s/Mark T. Houston*
          Mark T. Houston, Esq.
          *Admitted to Practice in New York*
          Email: mark.houston@townelaw.com
          Sender's Direct Dial: (518) 941-9845

MTH/ek

Cc:  Edward A. Paltzik, Esq (edward@bochner.law)

NEW YORK | VERMONT | MASSACHUSETTS | NEW JERSEY
www.townelaw.com | (518) 452-1800 p | (518) 452-6435 f
Service by fax not accepted.