# Exhibit H

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRCIT OF NEW YORK**

| | |
|---|---|
| ROBERT HUNTER, ELMER IRWIN, DOUG MERRIN, and THE SECOND AMENDMENT FOUNDATION, | Case No.: 5:23-cv-01540 (GTS/ML) |
| Plaintiffs, | **ELLA M. DIIORIO'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS** |
| -against- | |
| CORTLAND HOUSING AUTHORITY, and ELLA M. DIIORIO in her official capacity as Executive Director of CORTLAND HOUSING AUTHORITY, | |
| Defendants. | |

Defendant, Ella M. Diiorio ("Ms. Diiorio"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26 and 36, provides the following objections and answers in response to Plaintiffs' First Set of Requests for Admissions (the "Requests").

## GENERAL STATEMENT AND OBJECTIONS

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Ms. Diiorio has objected or responded to any Request shall not be deemed an admission that Ms. Diiorio accept or admit the existence of any facts set forth or assumed by such Request or such objection or response constitutes admissible evidence. The fact that Ms. Diiorio has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Ms. Diiorio to any part of any objection to any Request.

1

The responses and objections are made on the basis of information and writings currently available to and located by Ms. Diiorio upon reasonable investigation. Respondents expressly reserve the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

**REQUEST NO. 1:** Admit that you have at any point held a license or permit to own, possess, or carry a shotgun.

**RESPONSE NO. 1:** Ms. Diiorio objects to Request 1 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]).


**REQUEST NO. 2:** Admit that you have at any point held a license or permit to own, possess, or carry a rifle.

**RESPONSE NO. 2:** Ms. Diiorio objects to Request 2 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioirio and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 3:**  Admit that you have at any point held a license or permit to own, possess, or carry a handgun.

**RESPONSE NO. 3:** Ms. Diiorio objects to Request 3 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank,* 206 FRD 499, 500-501 (ND Cal. 2001).


**REQUEST NO. 4:**  Admit that you currently hold a license or permit to own, possess, or carry a shotgun.

**RESPONSE NO. 4:** Ms. Diiorio objects to Request 4 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank,* 206 FRD 499, 500-501 (ND Cal. 2001).


**REQUEST NO. 5:**  Admit that you currently hold a license or permit to own, possess, or carry a rifle.

**RESPONSE NO. 5:** Ms. Diiorio objects to Request 5 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank,* 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 6:**  Admit that you currently hold a license or permit to own, possess, or carry a handgun.

**RESPONSE NO. 6:** Ms. Diiorio objects to Request 6 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank,* 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 7:**  Admit that you have at any point owned at least one shotgun.

**RESPONSE NO. 7:** Ms. Diiorio objects to Request 7 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re*

*Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 8:**     Admit that you have at any point owned at least one rifle.

**RESPONSE NO. 8:** Ms. Diiorio objects to Request 8 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 9:**     Admit that you have at any point owned at least one handgun.

**RESPONSE NO. 9:** Ms. Diiorio objects to Request 9 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY

July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the

request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R.

Civ. P. 26(a); *see also, Nelson v. Capital One Bank,* 206 FRD 499, 500-501 (ND Cal. 2001).


**REQUEST NO. 10:**  Admit that you have at any point possessed at least one
shotgun.

**RESPONSE NO. 10:** Ms. Diiorio objects to Request 10 as it seeks to elicit facts and

information rather than to obtain "admissions for the record of facts already known by the

seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542

(VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile*

*Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL

11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY

2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus,

improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank,* 206 FRD

499, 500-501 (ND Cal. 2001).


**REQUEST NO. 11:**  Admit that you have at any point possessed at least one rifle.

**RESPONSE NO. 11:** Ms. Diiorio objects to Request 11 as it seeks to elicit facts and

information rather than to obtain "admissions for the record of facts already known by the

seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542

(VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile*

*Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL

11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY

2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus,

improper pursuant to Fed. R. Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 12:**   Admit that you have at any point possessed at least one handgun.

**RESPONSE NO. 12:**   Ms. Diiorio objects to Request 12 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 13:**   Admit that you currently possess at least one shotgun.

**RESPONSE NO. 13:**   Ms. Diiorio objects to Request 13 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD

499, 500-501 (ND Cal. 2001).

**REQUEST NO. 14:**  Admit that you currently possess at least one rifle.

**RESPONSE NO. 14:** Ms. Diiorio objects to Request 14 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 15:**  Admit that you currently possess at least one handgun.

**RESPONSE NO. 15:** Ms. Diiorio objects to Request 15 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 16:**  Admit that you currently own at least one shotgun.

**RESPONSE NO. 16:** Ms. Diiorio objects to Request 16 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 17:**  Admit that you currently own at least one rifle.

**RESPONSE NO. 7:** Ms. Diiorio objects to Request 17 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 18:**  Admit that you currently own at least one handgun.

**RESPONSE NO. 18:** Ms. Diiorio objects to Request 18 as it seeks to elicit facts and

information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 19:**  Admit that you keep a shotgun in your home.

**RESPONSE NO. 19:** Ms. Diiorio objects to Request 19 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 20:**  Admit that you keep a rifle in your home.

**RESPONSE NO. 20:** Ms. Diiorio objects to Request 20 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542

(VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010]; *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 21:**  Admit that you keep a handgun in your home.

**RESPONSE NO. 21:** Ms. Diiorio objects to Request 21 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010]; *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 22:**  Admit that you have, at any point, engaged in the activity of hunting with a firearm.

**RESPONSE NO. 22:** Ms. Diiorio objects to Request 22 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile*

*Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 23:**  Admit that you have taken a hunter education course.

**RESPONSE NO. 23:** Ms. Diiorio objects to Request 7 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also, Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 24:**  Admit that you have taken a firearms safety course.

**RESPONSE NO. 24:** Ms. Diiorio objects to Request 7 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R.

Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 25:**  Admit that you have taken a concealed carry firearms course.

**RESPONSE NO. 25:**  Ms. Diiorio objects to Request 25 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing*, *Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is repetitive and designed to harass Ms. Diioiro and thus, improper pursuant to Fed. R. Civ. P. 26(a); *see also*, *Nelson v. Capital One Bank*, 206 FRD 499, 500-501 (ND Cal. 2001).

**REQUEST NO. 26:**  Admit that you were aware in February 2023 that in February 2023, CHA blocked Hunter's access to CHA's Facebook page after he posted a message complaining about the Firearms Ban.

**RESPONSE NO. 26:**  Ms. Diiorio objects to Request 26 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing*, *Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2).

**REQUEST NO. 27:** Admit that you were aware in February 2023 that in February 2023, CHA banned Hunter from posting messages to CHA's Facebook page after he posted a message complaining about the Firearms Ban.

**RESPONSE NO. 27:** Ms. Diiorio objects to Request 27 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2).

**REQUEST NO. 28:** Admit that you were aware in February 2023 that in February 2023, CHA deleted Hunter's messages from CHA's Facebook page after he posted a message complaining about the Firearms Ban.

**RESPONSE NO. 28:** Ms. Diiorio objects to Request 28 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2).

**REQUEST NO. 29:** Admit that you disagreed with Hunter's message posted in February 2023 on CHA's Facebook page complaining about the Firearms Ban.

14

**RESPONSE NO. 29:** Ms. Diiorio objects to Request 29 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). Subject to and without waiving said objections, Ms. Diiorio  after reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the substance of Hunter's message.

**REQUEST NO. 30:** Admit that you ordered CHA to ban, block, restrict or otherwise limit Hunter's access to CHA's Facebook page.

**RESPONSE NO. 30:** Ms. Diiorio objects to Request 30 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). The request is also unduly burdensome in that requires extensive explanation which is improper for a request for admission pursuant to Fed. R. Civ. P. 36(a).

**REQUEST NO. 31:** Admit that you ordered CHA to ban, block, restrict or otherwise limit Hunter's access to CHA's Facebook page because you did not agree with the content of his complaint about the Firearms Ban.

**RESPONSE NO. 31:** Ms. Diiorio objects to Request 31 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]). Furthermore, the request is set forth in as a compound question and/or complex statement which is improper pursuant to Fed. R. Civ. P. 26(a)(2). The request is also unduly burdensome in that requires extensive explanation which is improper for a request for admission pursuant to Fed. R. Civ. P. 36(a).

**REQUEST NO. 32:** Admit that you are the highest-ranking individual in CHA.

**RESPONSE NO. 32:** Ms. Diiorio objects to Request 32 as it seeks to elicit facts and information rather than to obtain "admissions for the record of facts already known by the seeker." *In re Kuerig Green Mt. Single-Serve Coffie Antitrust Litig.*, No. 14 MD 2542 (VSB)(SLC), 2023 U.S. Dist. LEXIS 23183, at *29 (SDNY Feb. 10, 2023)(*quoting, Versatile Housewares v. Sas Grp.,* 09 Civ. 10182 (KMK)(PED), 2010 US Dist. LEXIS 156619, 2010 WL 11601225, at *1 [SDNY July 15, 2010); *citing, Rep. of Turkey,* 326 FRD 372, 399 [SDNY 2018]).

**DATED:**     March 14, 2024
Albany, New York

THE TOWN LAW FIRM, P.C.

16

By:     *s/ Mark T. Houston*

Mark T. Houston, Esq.
NDNY Bar Roll No. 519979
Attorneys for Defendants
500 New Karner Rd, P.O. Box 15072
Albany, New York 12212
(518) 452-1800

Cc: Counsel of Record (*via email)*

17

<u>CERTIFICATE OF SERVICE</u>

I certify that I caused a true and correct copy of Defendant, Cortland Housing Authority's, Response to Plaintiffs' First Set of Requests For Admission to opposing counsel via email on March 14, 2024 at the following email addresses:

<u>edward@bochner.law</u>
<u>serge@bochner.law</u>


Dated: March 14, 2024
        Albany, New York

                                                     */s/ Mark T. Houston*
                                                   Mark T. Houston, Esq.

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT HUNTER, ELMER IRWIN, DOUG MERRIN, and THE SECOND AMENDMENT FOUNDATION, | Case No.: 5:23-cv-01540 (GTS/ML) |
| Plaintiffs, | **ELLA M. DIIORIO'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| -against- | |
| CORTLAND HOUSING AUTHORITY, and ELLA M. DIIORIO in her official capacity as Executive Director of CORTLAND HOUSING AUTHORITY, | |
| Defendants. | |

Defendant, Ella M. Diiorio ("Ms. Diiorio"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 26 and 33, provides the following objections and answers in response to Plaintiffs' First Set of Interrogatories to Cortland Housing Authority.

## GENERAL STATEMENT AND OBJECTIONS

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

The Housing Authority's investigation and development of all facts and circumstances relating to his action is ongoing. These responses and objections are made without prejudice to and are not a waiver of, the Housing Authority's right to rely on other facts or documents at trial.

No incidental or implied admissions are intended by these responses. The fact that CHA has objected or responded to any interrogatory shall not be deemed an admission that CHA accept or admit the existence of any facts set forth or assumed by such Request or such objection

1

or response constitutes admissible evidence. The fact that CHA has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by CHA to any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by CHA upon reasonable investigation. Respondents expressly reserve the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1.** Identify any firearms permits or licenses to own, possess, or carry any firearms held by you at any point up to the present.

**RESPONSE NO. 1:** Ms. Diiorio objects to Interrogatory No. 1 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

**INTERROGATORY NO. 2.** Identify any firearms that you currently own or possess, or have owned or possessed in the past, and for each, describe the manufacturer, caliber, and frequency and type of use, and provide the serial number.

**RESPONSE NO. 2:** Ms. Diiorio objects to Interrogatory No. 2 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

**INTERROGATORY NO. 3.** Identify any non-firearm weapons that you currently own or possess, or have owned or possessed in the past, and for each describe the frequency and type of use.

**RESPONSE NO. 3:** Ms. Diiorio objects to Interrogatory No. 3 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4)

causes of action set forth in the operative complaint.

**INTERROGATORY NO. 4.** Identify any firearms that you currently keep in your residence or have kept in your residence in the past, and for each, describe the manufacturer, caliber, and frequency and type of use, and provide the serial number.

<u>**RESPONSE NO. 4:**</u> Ms. Diiorio objects to Interrogatory No. 4 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

<u>**INTERROGATORY NO. 5.**</u> Identify any non-firearm weapons that you currently keep in your residence or have kept in your residence in the past, and for each describe the frequency and type of use.

<u>**RESPONSE NO. 5:**</u> Ms. Diiorio objects to Interrogatory No. 5 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

<u>**INTERROGATORY NO. 6.**</u> Identify all instances in which you have ordered the removal, blocking, banning, deletion, or other restriction of any CHA tenant and content posted by any CHA tenant, including one or more of the Individual Plaintiffs and their content, on Social Media.

<u>**RESPONSE NO. 6:**</u>  On or about February 23, 2023, I directed the CHA independent contractor that operates and manages CHA social media account to restrict users from posting comments to announcements pertaining to the CHA after learning that the independent contractor had permitted commits in contravention to CHA desire to have a limited public forum to provide information regarding the CHA to the public.

<u>**INTERROGATORY NO. 7.**</u> Identify each offer to purchase or acquire firearms from a CHA tenant or prospective tenant made by you.

<u>**RESPONSE NO. 7:**</u> Ms. Diiorio objects to Interrogatory No. 7 as an overly broad fishing

expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.   Subject to and without waiving said objection, none.

**INTERROGATORY NO. 8.** Identify each communication between you and Carole Preston regarding the acquisition, purchase, or confiscation of firearms from a CHA tenant or prospective tenant.

**RESPONSE NO. 8:** Ms. Diiorio objects to Interrogatory No. 7 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.   Subject to and without waiving said objection, none.

**INTERROGATORY NO. 9.** Identify all efforts to investigate tenants' criminal backgrounds personally undertaken or overseen by you from 2005 to the present, including a description of the individual responsible for investigation and any results obtained.

**RESPONSE NO. 9:**   Ms. Diiorio objects to Interrogatory No. 9 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.   Subject to and without waiving said objection, it is the policy and requirement of the CHA to conduct a criminal background check for every applicant to ensure an applicant's eligibility for public assistance. Applicants are required to submit to a background check by providing a fingerprint which is securely sent to an independent third party that conducts the search. A secured email is then sent back to the executive director of CHA with a link containing the results which are then printed out and provided to the CHA occupancy staff to review and verify the applicants criminal history does not disqualify the applicant for assistance. The paper document is then destroyed and the secured

4

linked terminated with a certain amount of time after it is sent. At the time relevant to Plaintiff Hunter's application, Heather Wasley reviewed criminal backgrounds of applicants.

**INTERROGATORY NO. 10.** Identify any instance in which you were a victim of a crime at any point up to the present, including but not limited to crimes involving a firearm.

**RESPONSE NO. 10:** Ms. Diiorio objects to Interrogatory No. 10 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

**INTERROGATORY NO. 11.** Identify any instances in which you were arrested.

**RESPONSE NO. 11:** Ms. Diiorio objects to Interrogatory No. 11 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

**INTERROGATORY NO. 12.** Identify any instances in which you were charged with a crime.

**RESPONSE NO. 12:** Ms. Diiorio objects to Interrogatory No. 12 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

**INTERROGATORY NO. 13.** Identify any instances in which you were convicted of a crime.

**RESPONSE NO. 13:** Ms. Diiorio objects to Interrogatory No. 13 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint.

**INTERROGATORY NO. 14:** Identify each tenant signature you secured on a lease for a housing

unit within any CHA Property since 2005, including the tenant's name, address, and telephone number, and the date of signature.

**RESPONSE NO. 14:** Ms. Diiorio objects to Interrogatory No. 14 as it calls for the production of information that is protected by N.Y. Pub. Hous. Law § 159 as well as the Privacy Act of 1974 and 24 C.F.R. § 15.107.

**INTERROGATORY NO. 15.** Identify all Social Media accounts controlled or operated by you, including the handle, name, or other identifying information and the platform on which the account is hosted.

**RESPONSE NO. 15:** Ms. Diiorio objects to Interrogatory No. 15 as an overly broad fishing expedition for irrelevant information that seeks information that is not relevant to the four (4) causes of action set forth in the operative complaint. Furthermore, the interrogatory is duplicative and cumulative of the Plaintiffs prior interrogatories.

**INTERROGATORY NO. 16.** Explain why you enforced the Firearms Ban.

**RESPONSE NO. 16:** Ms. Diiorio objects to Interrogatory No. 16 as being overly broad and ambiguous given that Plaintiffs have not sufficiently defined the term "enforced" for answering defendant to be able to properly respond. Subject to and without waiving said objection, I have never directed that a CHA's tenant's lease be terminated for violation of the Firearms Ban.

**INTERROGATORY NO. 17.** Explain why, after CHA received communications informing it that the Firearms Ban was illegal and unconstitutional, you continued to enforce the Firearms Ban.

**RESPONSE NO. 17:** Upon information and believe, it was believed that its developments, being federally owned properties, were deemed sensitive spaces under federal and New York laws.

**INTERROGATORY NO. 18.** Identify the person who made the decision to maintain the Firearms Ban even after Hunter's complaints that the Firearms Ban was unconstitutional, including

their name, job title, address, phone number, and email address.

**RESPONSE NO. 18:** I decided to not amend the lease based upon the information and belief the public housing authority properties were considered sensitive spaces under federal and New York law.


DATED:      March 14, 2024
             Albany, New York

                        THE TOWN LAW FIRM, P.C.

                By:       *s/ Mark T. Houston*
                        Mark T. Houston, Esq.
                        NDNY Bar Roll No. 519979
                        Attorneys for Defendants
                        500 New Karner Rd, P.O. Box 15072
                        Albany, New York 12212
                        (518) 452-1800

Cc: Counsel of Record (*via email)*

7

## <u>VERIFICATION</u>

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF CORTLAND   )

     I, Ella M. Diiorio, am the Executive Director of the Cortland Housing Authority. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

     I verify under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2024
       Cortland, New York

                                          Ella M. Diiorio

8

<u>CERTIFICATE OF SERVICE</u>

I certify that I caused a true and correct copy of Defendant, Cortland Housing Authority's, Response to Plaintiffs' First Set of Requests For Admission to opposing counsel via email on March 14, 2024 at the following email addresses:

edward@bochner.law
serge@bochner.law

Dated: March 14, 2024
        Albany, New York

                                                  /s/ *Mark T. Houston*
                                                  Mark T. Houston, Esq.

**T L F   THE TOWNE**
         **LAW FIRM, P.C.**
         ATTORNEYS AT LAW

Respond to:
The Towne Law Firm, P.C.
500 New Karner Road
PO Box 15072
Albany, NY 12212

March 14, 2024

***Via Email at: serge@bochner.law***
Serge Krimnus, Esq.
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
Ms. Laura Franco, Sr. Claims Examiner

      Re:    Robert Hunter et al v. Cortland Housing Authority et al.
              NDNY Case No.:    5:23-cv-01540 (GTS/ML)
              Our File No.        401.1822

Dear Mr. Krimnus:

      Enclosed for service upon your clients are Defendants' Responses to Plaintiffs' Requests for Admissions and First Set of Interrogatories. We are finalizing Defendants' Responses to Plaintiffs' Requests for production and would request a thirty (30) day extension to respond.

      Additionally, we do not agree with your problematic reading of the statute. Section 159 of the Public Housing Law provides that information acquired of tenants of public housing shall not be opened to the public or used in any court in an action or proceeding. Your reading of the statute is inconsistent with its purpose and other supporting opinions. We again reiterate plaintiffs are not entitled to discover the contents of any other tenant or public housing applicant's file outside of their own files. Hence, Defendants request that Plaintiffs withdraw all discovery demands seeking information pertaining to tenant or applicant who is not a named plaintiff in this action.

      Defendants also object to Plaintiffs discovery demands pertaining to Ms. Diiorio's personal life as being beyond the scope of discovery under Rule 26(b) and request that Plaintiffs revise their demands accordingly.

                    Very truly yours,

                    THE TOWNE LAW FIRM, P.C.

      By:      *s/Mark T. Houston*
                    Mark T. Houston, Esq.
                    *Admitted to Practice in New York*
                    Email: mark.houston@townelaw.com
                    Sender's Direct Dial: (518) 941-9845

MTH/ek

Cc:    Edward A. Paltzik, Esq (edward@bochner.law)

---

**NEW YORK | VERMONT | MASSACHUSETTS | NEW JERSEY**
www.townelaw.com | (518) 452-1800 p | (518) 452-6435 f
Service by fax not accepted.