IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ROBERT HUNTER, ELMER IRWIN,
DOUG MERRIN, and THE SECOND
AMENDMENT FOUNDATION,

        Plaintiffs,

  -against-

CORTLAND HOUSING AUTHORITY
and ELLA M. DIIORIO, personally
and in her official capacity as Executive
Director of CORTLAND HOUSING
AUTHORITY,

        Defendants.
---------------------------------------------------------X

Case No. 5:23-cv-01540-GTS-ML

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SPOLIATION SANCTIONS**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ..................................................................................................... 1

**FACTUAL BACKGROUND** ........................................................................................................ 1

**LEGAL STANDARD** .................................................................................................................. 3

**ARGUMENT** ............................................................................................................................. 5

    I.    DEFENDANTS' SECTION 159 OBJECTIONS ARE WITHOUT MERIT ........................................ 5

    II.    DEFENDANTS HAVE ENGAGED IN SPOLIATION OF EVIDENCE .................................................. 6

        A.    *Defendants had an Obligation to Preserve the Evidence* ............................................... 6

        B.    *Defendants Destroyed the Requested Documents with a Culpable State of Mind* ......... 7

        C.    *The Requested Documents are Relevant* .......................................................................... 8

    III.    DEFENDANTS' WILLFUL DESTRUCTION OF RELEVANT DOCUMENTS WARRANTS SANCTIONS ............................................................................................................................. 9

**CONCLUSION** ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Best Payphones, Inc. v. City of N.Y.*,
  2016 WL 792396 (E.D.N.Y. 2016) .................................................................................. 10

*Chin v. Port Auth. of N.Y. & N.J.*,
  685 F.3d 135 (2d Cir. 2012) ............................................................................................... 5

*Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*,
  304 F.R.D. 178 (S.D.N.Y. 2014) ...................................................................................... 10

*ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*,
  2023 WL 2655111 (N.D.N.Y. Mar. 27, 2023) ................................................................ 6, 9

*EM Ltd. v. Republic of Argentina*,
  695 F.3d 201 (2d Cir. 2012) ............................................................................................... 3

*Europe v. Equinox Holdings, Inc.*,
  592 F. Supp. 3d 167 (S.D.N.Y. 2022) ................................................................................ 6

*Florence v. New York State Dep't of Env't Conservation*,
  2024 WL 1116286 (N.D.N.Y. Mar. 14, 2024) ................................................................ 4, 8

*Fujitsu Ltd. v. Fed. Express Corp.*,
  247 F.3d 423 (2d Cir. 2001) ............................................................................................ 4, 6

*In re Agent Orange Prod. Liab. Litig.*,
  517 F.3d 76 (2d Cir. 2008) ................................................................................................. 3

*Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*,
  880 F.3d 620 (2d Cir. 2018) ............................................................................................... 5

*Matter of Guardianship of Bell*,
  144 Misc. 2d 195 (Sur. 1989) ............................................................................................. 5

*Ottoson v. SMBC Leasing & Fin., Inc.*,
  268 F. Supp. 3d 570 (S.D.N.Y. 2017) ................................................................................ 4

*People v. Jones*,
  160 Misc. 2d 246 (Crim. Ct. 1994) .................................................................................... 5

*Residential Funding Corp. v. DeGeorge Fin. Corp.*,
  306 F.3d 99 (2d Cir. 2002) ................................................................................................. 4

*Sawyer v. Locy*,
  2021 WL 4458822 (N.D.N.Y. Sept. 29, 2021) .............................................................................. 6

*Sekisui Am. Corp. v. Hart*,
  945 F. Supp. 2d 494 (S.D.N.Y. 2013) ........................................................................................ 4

*West v. Goodyear Tire & Rubber Co.*,
  167 F.3d 776 (2d Cir. 1999) ................................................................................................. 4, 10

*Wilson v. New York City Hous. Auth.*,
  1996 WL 524337 (S.D.N.Y. Sept. 16, 1996) ............................................................................. 6

*Zubulake v. UBS Warburg LLC*,
  220 F.R.D. 212 (S.D.N.Y. 2003) ............................................................................................... 7

Statutes

New York Public Housing Law § 159 ................................................................................ 1, 3, 5, 10

Rules

FED. R. CIV. P. 26 ............................................................................................................................ 3

FED. R. CIV. P. 37 ................................................................................................................... 3, 9, 10

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion to Compel and for Spoliation Sanctions against Defendants. This case involves flagrant violations of fundamental constitutional rights by a government agency. Plaintiffs brought this case for, *inter alia*, violations of their Second Amendment rights. Although Plaintiffs need not justify their desire to exercise their Second Amendment rights, self-defense is commonly at issue in such cases. This is especially so when a person's perception of their safety has been put at issue, as Defendants have done in the instant matter.

Defendants have repeatedly refused to respond to Plaintiffs' discovery requests, citing New York Public Housing Law § 159 and arguing that this statute prohibits disclosure of tenant information. Contrary to Defendants' assertion, the statute does not apply when the housing authority is a party to an action. Moreover, Defendants have informed Plaintiffs that they have been deleting information relevant to this litigation. Such destruction clearly constitutes spoliation of evidence and warrants sanctions. Plaintiffs have incurred significant expenses in attempting to resolve this dispute, and Defendants' objections to Plaintiffs' discovery requests have been and continue to be baseless. Having exhausted considerable good faith meet and confer efforts, Plaintiffs now seek judicial relief.

**FACTUAL BACKGROUND**

This case arises from Defendants' enforcement of a lease provision that bans possession of firearms in housing facilities managed by Defendants, including the Galatia Street facility where Plaintiffs Robert Hunter ("Hunter"), Doug Merrin ("Merrin"), and Elmer Irwin ("Irwin"), (collectively the "Individual Plaintiffs") reside. The provision at issue, termed the "Firearms Ban," states that: "Tenant shall be obligated: (p) Not to display, use, or possess or allow members of Tenant's household or guest to display, use or possess any firearms (operable or inoperable) or

other weapons as defined by the laws and courts of the State of New York anywhere on the property of CHA." Amended Complaint, ECF 20 ("Am. Compl.") ¶ 28. Plaintiffs argue that the Firearms Ban violates their right to keep and bear arms in their homes for the purposes of self-defense. *Id*. In response to these arguments, Defendants raised the credibility of Plaintiff Hunter's perception of criminal misconduct by other tenants in its Opposition to Plaintiffs' Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction. Declaration of Ella M. Diiorio, ECF No. 16-3 ¶ 17.

On January 30, 2024, this Court granted a temporary restraining order and preliminary injunction, enjoining Defendants from enforcing the Firearms Ban until final resolution of this action. ECF 28. Shortly thereafter, on February 6, 2024, the Parties held a Rule 26 (f) discovery conference. Declaration of Serge Krimnus ("Krimnus Decl.") at ¶ 3. On February 14, 2024, Plaintiffs served their first sets of discovery requests on Defendant Cortland Housing Authority. Krimnus Decl. Ex. A. Request for Production No. 17 seeks "All background checks of current or past CHA tenants which reveal criminal history of any kind, including arrests, convictions, youthful offender adjudications, deferred prosecutions, adjournments in contemplation of dismissal, or any other disposition." Krimnus Decl. Ex. A. at 18.

The following day, Plaintiffs served their first sets of discovery requests on Defendant Ella Diiorio. *Id*. Interrogatory No. 9 asked Diiorio to "[i]dentify all efforts to investigate tenants' criminal backgrounds personally undertaken or overseen by you from 2005 to the present, including a description of the individual responsible for investigation and any results obtained." *Id.* at 7.

Rather than providing substantive responses to Plaintiffs' discovery requests, Defendants objected on the basis of a statute that clearly does not apply to this case. Specifically, on March

14, 2024, Defendants objected to Plaintiffs' discovery requests under N.Y. PUB. HOUS. LAW § 159. March 14, 2023, Letter response to Plaintiffs' Discovery Responses, Krimnus Decl. Ex. B. at 2. CHA has additionally objected to several discovery requests on the grounds that the information sought is not relevant. *Id.* Defendants' objections are meritless.

At the Parties' meet and confer, Defendants' counsel indicated that information on prospective or actual tenants of CHA was received in electronic form, reviewed by Defendants, and was deleted or otherwise destroyed shortly thereafter. This was affirmed in Diiorio's written responses to Plaintiffs' Interrogatory No. 9. *Id*. ("The paper document is then destroyed and the secured linked [sic] terminated with [sic] a certain amount of time after it is sent."). At least as of the date of service of Plaintiffs' Discovery Requests to Defendants, Defendants' practice of deleting or destroying these relevant records constitutes spoliation of evidence in violation of FED. R. CIV. P. 37.

In view of Defendants' frivolous objections to Plaintiffs' discovery requests, Defendants' knowledge of their obligation to produce discovery related to the safety of its communities and the tenants that reside therein, and Defendants' destruction of evidence while they had such knowledge, this Court should impose sanctions for Defendants' destruction of evidence relevant to this litigation.

**LEGAL STANDARD**

Under Rules 37 and 34 of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling a production or inspection of documents when a party fails to produce documents as requested. Similarly, under FED. R. CIV. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent*

*Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)). During the pre-trial discovery stage, "the relevance standard is construed broadly to encompass any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Florence v. New York State Dep't of Env't Conservation*, No. 120CV00106, 2024 WL 1116286, at *3 (N.D.N.Y. Mar. 14, 2024) (cleaned up).

A district court has authority to "impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). The "choice of an appropriate remedy for spoliation 'is confined to the sound discretion of the trial judge and is assessed on a case-by-case basis.'" *Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)).

A party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim by a preponderance of the evidence. *Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d at 580, (citing *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 509–10 (S.D.N.Y. 2013)) (awarding sanctions for destruction of ESI).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A party seeking sanctions based on spoliation must establish, by a preponderance of the evidence:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed;
> (2) that the records were destroyed with a culpable state of mind; and
> (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018) (quoting *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012)).

## ARGUMENT

I.   **Defendants' Section 159 Objections are Without Merit**

Defendants contend that Section 159 of New York's Public Housing Law prohibits disclosure of information related to other occupants of facilities owned and/or operated by CHA. While it is true that Section 159 prohibits the disclosure of "information acquired by an authority," to the general public, this statute explicitly carves out an exception to the disclosure prohibition in certain circumstances. N.Y. PUB. HOUS. LAW § 159. Specifically, the statute dictates that information acquired by an authority **can** be used in a court action or proceeding when "the authority, division of housing and community renewal, municipality or successor in interest thereof **is a party** or complaining witness **to such action or proceeding**." *Id.* (emphases added). This exception has been repeatedly acknowledged by New York Courts. *See, e.g.*, *People v. Jones*, 160 Misc. 2d 246, 249 (Crim. Ct. 1994) ("Public Housing Law § 159 specifically bars the public disclosure of confidential tenant information in any action or proceeding **unless the Housing Authority is a party**.") (emphasis added); *Matter of Guardianship of Bell*, 144 Misc. 2d 195, 196 (Sur. 1989) (granting motion to quash because "[h]ere, **the Housing Authority is not a party** nor a complaining witness in these guardianship proceedings") (emphasis added) (citing N.Y. PUB. HOUS. LAW § 159).

Contrary to Defendant's assertion that Plaintiffs' "reading of the statute is inconsistent with its purpose and other supporting opinions," Krimnus Decl. Ex. A, there can be no doubt that this case is within the statutory exception to the prohibition on disclosure of certain information. CHA is undoubtedly a party to this action. Despite receiving Plaintiffs' discovery requests on February 14, 2024 and serving its objections on March 14, 2024, CHA has yet to provide any "supporting

5

opinions" which contradict Plaintiffs' position on this issue. Since Cortland Housing Authority is the first named Defendant in this action and has been participating in this litigation as a Defendant since its first Answer filed in January (ECF 14), and the "statute, on its face, imposes no restriction on disclosure where, as here, the housing authority is a party," *Wilson v. New York City Hous. Auth.*, 1996 WL 524337, at *2 (S.D.N.Y. Sept. 16, 1996), Plaintiffs are entitled to discovery on information acquired by the housing authority that relates to its tenants.

## II.  Defendants have Engaged in Spoliation of Evidence

As set forth above, Courts in this District have held that to justify spoliation sanctions based on the destruction or delayed production of evidence, "a moving party must prove that: (1) the party having control over the evidence had an obligation to preserve or timely produce it; (2) the party that destroyed or failed to produce the evidence in a timely manner had a 'culpable state of mind'; and (3) the missing evidence is 'relevant' to the moving party's claim or defense 'such that a reasonable trier of fact could find that it would support that claim or defense.'" *Sawyer v. Locy*, No. 919CV879, 2021 WL 4458822, at *1 (N.D.N.Y. Sept. 29, 2021) (internal citation omitted).

### A. Defendants had an Obligation to Preserve the Evidence

The duty to preserve attaches "when [a] party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Europe v. Equinox Holdings, Inc.,* 592 F. Supp. 3d 167, 176 (S.D.N.Y. 2022) (quoting *Fujitsu Ltd. v. Fed Express Corp.*, 247 F.3d at 436). "Once the duty to preserve attaches, any destruction of documents is, at a minimum, negligent." *ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*, No. 616CV1523, 2023 WL 2655111, at *13 (N.D.N.Y. Mar. 27, 2023) (internal citation omitted).

Here, Defendants CHA and Ella Diiorio were named parties to this litigation on December 8, 2023. ECF 3. As such, their obligations to preserve relevant evidence extend *at a minimum* back

6

to this date. However, in view of the multiple tenant meetings and repeated complaints about violation of constitutional rights by residents of CHA's Galatia Street property, CHA knew that litigation was imminent well before the filing of the Complaint in the instant matter.

Defendants have argued that their deletion or destruction of evidence was part of their standard document retention practices. However, Courts have explicitly rejected this excuse, holding that "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (granting motion for costs incurred by additional depositions required as a result of party's destruction of documents).

### B. Defendants Destroyed the Requested Documents with a Culpable State of Mind

Defendants had a duty to preserve and retain documents in their possession that they knew or reasonably should have known are relevant in the action, and are "reasonably calculated to lead to the discovery of admissible evidence, [are] reasonably likely to be requested during discovery and/or [are] the subject of a pending discovery request." *Id.* at 217 (internal citation omitted).

As of at least January 3, 2024, the date on which Defendants injected the issue of other tenants' criminal behavior into the case, ECF 16, Defendants have been aware of the relevance of information relating to other tenants' criminal backgrounds. Defendants certainly knew of the likelihood that they would make an argument regarding other tenants' criminal backgrounds and Hunter's credibility before doing so, possibly as early as the initiation of this action in December 2023. At a minimum, Defendants were aware of their obligation to preserve tenant background check information when Plaintiffs served their discovery requests on Defendants on February 14 and 15, 2024, respectively. Assuming, *arguendo*, that Defendants' culpable state of mind did not

7

exist until Defendants were served with Plaintiffs' discovery requests, Defendants still spent nearly two months destroying evidence with the requisite state of mind to support a finding of spoliation.

In view of the timing of Plaintiffs' discovery requests and Defendants' March 14, 2024 written responses, which admitted that they were destroying responsive documents in spite of Plaintiffs' requests, Defendants clearly had a culpable state of mind while destroying the documents at issue in this motion.

### C. The Requested Documents are Relevant

Plaintiffs' requests are reasonably tailored to seek relevant documents. Separate and apart from Defendants' meritless objections and failure to produce the requested documents, this Court should find that the requested documents are relevant to this litigation. As stated above, the relevance standard in the discovery phase of litigation is a low bar, and at this stage, relevance should be "construed broadly to encompass any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Florence*, 2024 WL 1116286, at *3.

In the present litigation, Plaintiffs have alleged that they feel the need to keep firearms in their homes for self-defense purposes. *See generally* Am. Compl. In response to these arguments, Defendants raised the credibility of at least one of the Individual Plaintiffs' allegations of criminal misconduct by other tenants in its Opposition to Plaintiffs' Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction. Declaration of Ella M. Diiorio, ECF 16-3 ¶ 17.

Since Defendants raised the issue of the truth of the allegations of criminal conduct by other tenants made by Mr. Hunter and by "other tenants," *Id.*, Plaintiffs are entitled to take discovery on the facts which may tend to prove or disprove those allegations. Defendants have thrust the issue of the Individual Plaintiffs' perception of safety in their own homes to the center

8

of this dispute by raising it in their Opposition, (ECF 16 at 4). Plaintiffs must be, at a minimum, allowed to take discovery on facts related to this issue.

At the Parties' meet and confer, Defendants' counsel indicated that information on prospective or actual tenants of CHA was received in electronic form, reviewed by Defendants, and was deleted or otherwise destroyed shortly thereafter. This was affirmed in Diiorio's responses to Plaintiffs' Interrogatory No. 9. At least as of the date of service of Plaintiffs' Discovery Requests to Defendants, Defendants' practice of deleting or destroying these relevant records constitutes spoliation of evidence in violation of FED. R. CIV. P. 37.

Here, *first*, as of at least January 3, 2024, the date on which Defendants injected the issue of other tenants' criminal behavior into the case, ECF 16, Defendants have been aware of their obligation to preserve any information relating to other tenants' criminal backgrounds. *Second*, Defendants certainly knew of their own argument regarding other tenants' criminal backgrounds. *Third*, as discussed herein, the information sought is relevant to the matter at bar. Accordingly, the Court should hold that Defendants committed spoliation in deleting other tenants' criminal history information.

In view of Defendants' knowledge of their obligation to produce discovery related to the safety of its communities and the tenants that reside therein, this Court should impose sanctions for Defendants' failure to maintain records of information relevant to this litigation.

**III.     Defendants' Willful Destruction of Relevant Documents Warrants Sanctions**

In determining the appropriate sanction, "[i]t is well accepted that a court should always impose the least harsh sanction that can provide an adequate remedy. The choices include—from least harsh to most harsh—further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal (terminating sanctions)." *ELG Utica*

*Alloys, Inc. v. Niagara Mohawk Power Corp.*, No. 616CV1523, 2023 WL 2655111, at *14 (N.D.N.Y. Mar. 27, 2023) (citing *Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 185 (S.D.N.Y. 2014)).

Additionally, proper "sanction[s] should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'" *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (internal citations omitted).

In this case, Defendants knew of their obligation to preserve evidence in view of litigation, knew of the exception to N.Y. PUB. HOUS. LAW § 159, understood that the information sought was relevant to this action, and continued to destroy relevant information even after Plaintiffs had served their discovery requests seeking such information. Under Federal Rule of Civil Procedure 37(a)(5)(A), when a discovery motion is granted pursuant to Rule 37, the Court must "require the party. . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." FED. R. CIV. P. 37(a)(5)(A). Even outside the context of Rule 37, this Court has the authority to award attorneys' fees and costs to "punish the offending party for its actions and deter the litigant's conduct, sending the message that egregious conduct will not be tolerated." *Best Payphones, Inc. v. City of N.Y.*, No. 01-cv-8506, 2016 WL 792396 (E.D.N.Y. 2016) (internal citations omitted).

Thus, this Court should exercise its discretion and shift the cost of resolving this dispute to Defendants.

## CONCLUSION

Plaintiffs respectfully request an Order (1) directing Defendants to cease deleting any information they obtain regarding other tenants that may be responsive to Plaintiffs' Interrogatory No. 9 to Diiorio and/or Plaintiffs' Request for Production No. 17 to CHA; (2) for any evidence regarding other tenants that has been deleted by Defendants, order Defendants to contact their third party background check provider and attempt to recover the deleted data, and to produce the recovered information to Plaintiffs within fourteen (14) days of receipt of such data; and (3) award attorneys' fees incurred as a result of (a) Defendants' baseless objection to Plaintiffs' discovery requests, and (b) Defendants' spoliation of evidence.

Dated: May 8, 2024
      New York, NY

Respectfully Submitted,

**BOCHNER PLLC**

By: /s/ *Serge Krimnus*
Edward Andrew Paltzik, Esq.
Serge Krimnus, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(646) 971-0685
serge@bochner.law

*Attorneys for Plaintiffs*