IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT HUNTER, ELMER IRWIN, DOUG MERRIN, and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>-against-<br><br>CORTLAND HOUSING AUTHORITY and ELLA M. DIIORIO, personally and in her official capacity as Executive Director of CORTLAND HOUSING AUTHORITY,<br><br>Defendants. | Case No.: 5:23-cv-01540 (GTS/ML)<br><br>**(Proposed)**<br>**STIPULATED PERMANENT**<br>**INJUNCTION** |

This matter is before the Court upon the Parties' Joint Motion for Entry of Permanent Injunction. The Parties (defined *infra*) stipulate and agree to this following Permanent Injunction enjoining Defendants from the conduct described below.

On agreement by and between Plaintiffs Robert Hunter, Elmer Irwin, and Doug Merrin (collectively, "Plaintiffs") on the one hand, and Defendants Cortland Housing Authority ("CHA") and Ella M. Diiorio ("Diiorio") on the other hand (Diiorio and CHA collectively, "Defendants") (Plaintiffs and Defendants collectively, the "Parties"), that the terms and conditions of this Permanent Injunction shall be entered, this Court hereby Orders as follows:

Plaintiffs filed their First Amended Complaint, which remains the operative Complaint in this the above-captioned action, on January 11, 2024 (ECF Dkt. #20).

In the First Amended Complaint, Plaintiffs challenged Article XI, section (p) of the former CHA Lease (a true and accurate copy of the former CHA Lease is attached hereto as **Exhibit A** and is also incorporated herein by reference), which provided that Tenants were obligated "Not to

display, use, or possess or allow members of Tenant's household or guest to display, use or possess any firearms (operable or inoperable) or other weapons as defined by the laws and courts of the State of New York anywhere on the property of CHA" (the "Firearms Ban"). In this above-captioned action, Plaintiffs challenged the Firearms Ban as unconstitutional since the Ban unduly burdened the rights of CHA tenants, guaranteed under the Second Amendment to the United States Constitution (the "Second Amendment") as incorporated to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution (the "Due Process Clause"), who are qualified to possess firearms in their homes under federal, state, and local law. Subsequently, Defendants amended the CHA Lease and removed the Firearms Ban (a true and accurate copy of Article XI, section (p) of the amended CHA Lease is attached hereto as **Exhibit B** and is also incorporated herein by reference).

Accordingly, the Parties stipulate that the Court shall grant and issue a Permanent Injunction, pursuant to Plaintiffs' challenge in this above-captioned action to the Firearms Ban under the Second Amendment as incorporated to the States through the Due Process Clause, enjoining Defendants, and their respective employees, agents, representatives, service providers and/or contractors, from enforcing the Firearms Ban or other bans on firearms against the Plaintiffs and other CHA tenants who are otherwise qualified to own, possess, transport, and use firearms under federal, state, and local law.

Nothing in this Permanent Injunction shall be construed to alter or amend any CHA rule, regulation, or Lease provision with respect to guests or other non-tenants possessing firearms on CHA property. Further, nothing in this Permanent Injunction shall be construed to alter or amend any CHA rule, regulation, or Lease provision prohibiting tenants or non-tenants from displaying firearms anywhere on CHA property outside resident units, including in common areas within any

development except for the purposes of transporting firearms to and from their residences, for lawful self-defense purposes, and/or for defense of others in accordance with applicable law. To the contrary, tenants and non-tenants are and shall continue to be prohibited from displaying firearms outside resident units, other than for transportation of firearms and for defense of self or others, and doing so by a resident shall constitute a Lease violation, except for the purposes of transporting firearms to and from their residences, self-defense, and/or defense of others in accordance with applicable law.

In the First Amended Complaint, Plaintiffs also challenged Defendants' censorship and deletion of posts regarding the Firearms Ban made by Plaintiff Robert Hunter on CHA's Facebook page regarding the Firearms Ban. Plaintiffs brought this challenge under the First Amendment to the United States Constitution, incorporated to the States through the Due Process Clause. The parties further agree and stipulate that upon entry of this Permanent Injunction, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, are enjoined from prohibiting or restricting any person's access to any of CHA's social media pages or message forums, including but not limited to CHA's Facebook page, and Defendants are enjoined from censoring or deleting any person's comments, expressions, ideas, likes, messages, opinions, or posts on any of CHA's social medial pages or message forums, so long as such content does not violate the terms of service of any social media entity, platform, or provider.

The Court concludes that the Permanent Injunction should be approved, and judgment should be entered in favor of Plaintiffs. Accordingly,

**IT IS ORDERED:**

1. Pursuant to Plaintiffs' claims as set forth in the First Amended Complaint, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, are enjoined from prohibiting Plaintiffs and all other CHA tenants from owning, possessing, transporting, or using firearms for lawful purposes, provided they are otherwise qualified and in compliance with all federal, state, and local laws applicable to the ownership, possession, transportation and use of firearms.

2. Upon entry of this Permanent Injunction, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, having amended the original CHA Lease (**Exhibit A**) to remove the Firearms Ban, shall ensure that the CHA Lease, as amended (**Exhibit B**), will not prohibit Plaintiffs, and all other CHA tenants, from owning, possessing, transporting, or using firearms for lawful purposes.

3. Upon entry of this Permanent Injunction, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, shall permit Plaintiffs and all CHA tenants to own and possess firearms within their residential units, to engage in lawful self-defense and defense of others in the common areas on CHA property and in their residential units, and to lawfully transport firearms through the common areas on CHA property.

4. Upon entry of this Permanent Injunction, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, shall ensure that the CHA Lease, as amended (**Exhibit B**), and any future changes, edits, iterations, or versions of the CHA Lease, complies with the Second Amendment in all respects and does not violate the Second Amendment in any respect. Notwithstanding this provision, Defendants shall retain all rights to amend the CHA Lease in the future, subject to

compliance with the Second Amendment and all other provisions of the United States Constitution.

5. Upon entry of this Permanent Injunction, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, are enjoined from prohibiting or restricting any person's access to any of CHA's social media pages or message forums, including but not limited to CHA's Facebook page, and Defendants are enjoined from censoring or deleting any person's comments, expressions, ideas, likes, messages, opinions, or posts on any of CHA's social media pages or message forums, so long as such content does not violate the terms of service of any social media entity, platform, or provider.

6. Upon entry of this Permanent Injunction, Defendants, and their respective employees, agents, representatives, service providers and/or contractors, shall permit Plaintiffs and all CHA tenants to have full access to CHA's social media pages or message forums, and shall not deny Plaintiffs and all CHA tenants permission and the ability to make comments, expressions, ideas, likes, messages, opinions, or posts on CHA's social media pages and message forums via their own individual accounts. Any comments, expressions, ideas, likes, messages, opinions, or posts by Plaintiffs or other CHA tenants on CHA's social media pages or message forums shall comply with the terms of service set forth by the hosting social media entities, platforms, or providers, including but not limited to Facebook.

7. This United States District Court for the Northern District of New York shall retain jurisdiction for the enforcement of this Permanent Injunction.

8. Defendants will pay to Plaintiffs' counsel, Bochner PLLC, the amount of $150,000.00 for Plaintiffs' attorneys' fees and costs incurred in connection with this action, in full satisfaction of said attorneys' fees and costs, pursuant to the Settlement Agreement entered into by the Parties.

**SO STIPULATED AND AGREED**:

Dated: October 14, 2024                              Dated: October 14, 2024

By:  /s/ Edward Andrew Paltzik                       By:  *Mark T Houston* (signature)
    Edward Andrew Paltzik, Esq.                        Mark T. Houston, Esq.
    Serge Krimnus, Esq.                                 John Liguori, Esq.
    Meredith Lloyd, Esq. (*pro hac vice*)               **The Towne Law Firm, P.C.**
    **Bochner PLLC**                                    500 New Karner Road
    1040 Avenue of the Americas                         P.O. Box 15072
    15th Floor                                          Albany, NY 12054
    New York, NY 10018                                  (518) 452-1800
    (516) 526-0341                                      mark.houston@townelaw.com
    edward@bochner.law                                  john.liguori@townelaw.com
    serge@bochner.law
    meredith@bochner.law                                *Attorneys for Defendants*

    *Attorneys for Plaintiffs*

**SO ORDERED** this _____ day of _____, 2024.

_____
Glenn T. Suddaby
U.S. District Judge